UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANDRE RENE LEVESQUE,

                         Plaintiff,

                                                 8:25-CV-0104
v.                                                                                                        (AJB/ML)

U.S.A; and NEW YORK FOOD
AND DRUG ADMINISTRATION,

                         Defendants.
_____

APPEARANCES:                                                          OF COUNSEL:

ANDRE RENE LEVESQUE
  Plaintiff, *Pro Se*
35A Smithfield Boulevard #149
Plattsburgh, New York 12901


MIROSLAV LOVRIC, United States Magistrate Judge


## ORDER and REPORT-RECOMMENDATION

       The Clerk has sent a *pro se* complaint in the above captioned action together with an application to proceed *in forma pauperis*, filed by Andre Rene Levesque ("Plaintiff") to this Court for review.  (Dkt. Nos. 1, 3.)  For the reasons discussed below, I grant Plaintiff's *in forma pauperis* application (Dkt. No. 3) and recommend that the Complaint (Dkt. No. 1) be dismissed in its entirety without leave to replead.

## I.      BACKGROUND

       On January 21, 2025, Plaintiff commenced this action by filing a *pro se* Complaint against defendants United States of America and New York Food and Drug Administration (collectively "Defendants").  (*See generally* Dkt. No. 1.)

Although extremely difficult to decipher, the Complaint appears to outline various disabling conditions Plaintiff lives with that cause him pain.  (*Id*.)  Plaintiff requests that "the court be my doctor and order ('300 roxy-cotton #10 mg' monthly) . . . [as] a perminent prescription."  (Dkt. No. 1 at 5 [errors in original].)

Plaintiff seeks leave to proceed *in forma pauperis* ("IFP").  (Dkt. No. 3.)

## II.    PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $405, must ordinarily be paid.  28 U.S.C. § 1914(a).  A court is authorized, however, to permit a litigant to proceed IFP status if a party "is unable to pay" the standard fee for commencing an action.  28 U.S.C. § 1915(a)(1).[1]  After reviewing Plaintiff's IFP application (Dkt. No. 3), the Court finds that Plaintiff meets this standard.  Therefore, Plaintiff's application to proceed IFP is granted.[2]

---

[1]    The language of that section is ambiguous because it suggests an intent to limit availability of IFP status to prison inmates.  *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses").  The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria.  *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[2]    Plaintiff is reminded that, although his IFP application has been granted, he is still required to pay fees that he may incur in this action, including copying and/or witness fees.

## III.    LEGAL STANDARD FOR REVIEW OF THE COMPLAINT

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources.  *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974); *see Fitzgerald v. First East Seventh Street Tenants Corp*., 221 F.3d 362, 364 (2d Cir. 2000) (a district court "may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee[.]"); *see also Pflaum v. Town of Stuyvesant, Columbia Cnty., N.Y.*, 11-CV-0335, 2016 WL 865296, at *1, n.2 (N.D.N.Y. Mar. 2, 2016) (Suddaby, C.J.) (finding that the Court had the power to address and dismiss additional theories of the plaintiff's retaliation claim *sua sponte* because those theories were so lacking in arguable merit as to be frivolous).

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 [2007]).  "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial

3

experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

Moreover, Rule 10 of the Fed. R. Civ. P. provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances[.]" Fed. R. Civ. P. 10(b). Rule 10's purpose is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Clervrain v. Robbins*, 22-CV-1248, 2022 WL 17517312, at *2 (N.D.N.Y. Dec. 8, 2022) (Stewart, M.J.) (citation omitted), *report and recommendation adopted*, 2023 WL 3170384 (N.D.N.Y. May 1, 2023) (D'Agostino, J.). A complaint that does not comply with these Rules "presents far too heavy a burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [the plaintiff's] claims," and may properly be dismissed by the court. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996) (McAvoy, C.J.).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *see also Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam)

(reading the plaintiff's *pro se* complaint "broadly, as we must" and holding that the complaint sufficiently raised a cognizable claim). "[E]xtreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and [the] parties . . . have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

## IV. ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that all causes of action be dismissed.

Plaintiff brings this action and sets forth no legal basis for the relief he seeks. (*See generally* Dkt. No. 1.) I recommend that his action be dismissed for two reasons.

### A. Frivolous

First, Rule 8 of the Fed. R. Civ. P. requires a "short and plain statement" of a claim, showing that "the pleader is entitled to relief." *Whitfield v. Johnson*, 763 F. App'x 106, 107 (2d Cir. 2019) (quoting Fed. R. Civ. P. 8(a)). Each statement must be "simple, concise, and direct,' and must give 'fair notice of the claims asserted." *Whitfield*, 763 F. App'x at 107 (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). A pleading must also contain "a demand for the relief sought[.]" *Id*. "A complaint may be dismissed under Rule 8 if it is 'so confused, ambiguous, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Id*.

As it currently stands, Plaintiff's Complaint wholly fails to provide fair notice of the claims he attempts to assert. By way of example, the Complaint asserts the following:

> I am (not) an attic or addict any more than someone who drinks caffeen. [You could ban federal (employees) from consuming cafeen?] or a smoker, who is addicted to nicoteen or a habbit of going to church once a week. stop! you don't need those things.

> 6.  Ideally #10mg Roxy-cotton is like (5mg-Percosett x2 without the anti-inflameatory that over time causes liver damage and only recomended for 2 weeks my mother took 10,000 mg daily for 40 years and died from liver failure sold by the millions for $19.95 over the counter.

(Dkt. No. 1 at 4 [errors in original].)

Plaintiff's Complaint places an unjustified burden on the Court and, ultimately, on Defendants "'to select the relevant material from a mass of verbiage.'" *Salahuddin v. Cuomo*, 861 F.2d 40, 41-42 (2d Cir. 1988) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281, at 365 (1969)).

As a result, I recommend the complaint be dismissed as frivolous. *See, e.g., Gillich v. Shields*, 18-CV-0486, 2018 WL 2926299 (N.D.N.Y. Apr. 30, 2018) (Peebles, M.J.), *report and recommendation adopted by* 2018 WL 2926302, at *3 (N.D.N.Y. Jun. 8, 2018) (D'Agostino, J.); *Canning v. Hofmann*, 15-CV-0493, 2015 WL 6690170, at *5 (N.D.N.Y. Nov. 2, 2015) (Hurd, J.) ("Under these circumstances, having found that none of the allegations in Plaintiff's meandering and indecipherable Complaint raise a cognizable cause of action, the Court concludes that the Complaint fails to state a claim upon which relief may be granted and is subject to dismissal."); *see also Salahuddin*, 861 F.2d at 42 ("Dismissal [for failure to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure] . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.").

## B.    Immunity

Second, in the alternative, I recommend that the Complaint be dismissed because it seeks relief from entities that are immune from suit.

### 1.    United States of America

The Eleventh Amendment to the U.S. Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  Thus, suits against the United States and federal agencies require "a cause of action, subject matter jurisdiction, and a waiver of sovereign immunity."  *Presidential Gardens Assoc. v. Sec'y of Hous. and Urban Dev.*, 175 F.3d 132, 139 (2d Cir. 1999) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983)); *see also Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004).  Unless Congress has specifically authorized an agency of the federal government to be sued in its own name, an action may not be maintained against that agency.  *Blackmar v. Guerre,* 342 U.S. 512, 515 (1952).

The Complaint sets forth no basis for (1) subject matter jurisdiction, or (2) a waiver of sovereign immunity by the United States.  (*See generally* Dkt. No. 1.)

As a result, I recommend that any claims against Defendant U.S.A. be dismissed because it is immune from suit.

### 2.    New York Food and Drug Administration

"As a general rule, state governments and their agencies may not be sued in federal court unless they have waived their Eleventh Amendment immunity or there has been a valid abrogation of that immunity by Congress."  *Kisembo v. N.Y.S. Office of Children & Family Servs.*, 285 F. Supp. 3d 509, 519 (N.D.N.Y. 2018) (Hurd, J.) (quoting *Jackson v. Battaglia*, 63 F. Supp. 3d 214, 219-20 (N.D.N.Y. 2014) (Hurd, J.)).  "This jurisdictional bar applies regardless of the nature of the relief sought."  *Murawski v. N.Y. State Bd. of Elections*, 285 F. Supp. 3d 691, 695 (S.D.N.Y. 2018) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100

(1984)).  "'[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state.'" *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (quoting *Woods v. Rondout Valley Cent. Sch. Dist. Bd of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006)); *see Rubin v. New York State Dep't of Motor Vehicles*, 10-CV-4119, 2010 WL 3842011, at *1 (E.D.N.Y. Sept. 28, 2010) (citing *Pennhurst State School & Hosp.*, 465 U.S. at 99-102) ("The Eleventh Amendment bars suits against states, their agencies whether the Plaintiff seeks relief at law or in equity, absent the state's consent to suit or an express or statutory waiver of immunity.").

As a result, I recommend any claims against Defendant New York Food and Drug Administration be dismissed because it is immune from suit.

## V.    OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").  An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.").  Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend."  *Ruffolo v. Oppenheimer & Co.*, 987 F.2d

129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1

(N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[3]

      In this case, a better pleading would not cure the defects identified herein.  Defendants

are immune from suit and, in any event, this Court cannot grant the relief requested (a permanent

prescription for controlled substances).

      **ACCORDINGLY**, it is

      **ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 3) is

**GRANTED**; and it is further respectfully

      **RECOMMENDED** that the Court **DISMISS WITHOUT PREJUDICE BUT**

**WITHOUT LEAVE TO REPLEAD** Plaintiff's Complaint (Dkt. No. 1); and it is further

      **ORDERED** that the Clerk of the Court shall file a copy of this order, report, and

recommendation on the docket of this case and serve a copy upon the parties in accordance with

the local rules.[4]

      **NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within

which to file written objections to the foregoing report.[5]  Such objections shall be filed with the

---

[3]     *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

[4]     The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

[5]     If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a

Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN**

**DAYS WILL PRECLUDE APPELLATE REVIEW**.  28 U.S.C. § 636(b)(1) (Supp. 2013);

Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v.*

*Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).


Dated: April 28 , 2025
           Binghamton, New York


Miroslav Lovric
U.S. Magistrate Judge

---

Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day
that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).

2016 WL 865296

Only the Westlaw citation is currently available.

United States District Court, N.D. New York.

William PFLAUM, Individually and as a Citizen,
Resident and Taxpayer of Town of Stuyvesant, Plaintiff,

v.

TOWN OF STUYVESANT, COLUMBIA CTY.,
N.Y.; and Valerie Bertram, Individually and as
Supervisor of Town of Stuyvesant, Defendants.

1:11-CV-0335 (GTS/DJS)
|
Signed 03/02/2016

**Attorneys and Law Firms**

WILLIAM PFLAUM, Plaintiff, Pro Se [1], 3 Rybka Road, Box
40, Stuyvesant Falls, NY 12174.

BRYAN D. RICHMOND, ESQ., THOMAS J. MORTATI,
ESQ., BURKE, SCOLAMIERO, MORTATI & HURD, LLP,
Attorneys for Defendants, 9 Washington Square, Suite 201,
P.O. Box 15085, Albany, NY 12212-5085.

**DECISION and ORDER**

GLENN T. SUDDABY, Chief United States District Judge

**\*1** Currently before the Court, in this civil rights action
filed by William Pflaum ("Plaintiff") against the Town of
Stuyvesant ("Town") and Valerie Bertram, Town Supervisor
("Bertram") (collectively, "Defendants"), is Defendants'
motion for summary judgment pursuant to Fed. R. Civ. P. 56.
(Dkt. No. 59.) For the reasons set forth below, Defendants'
motion is granted.

## I. RELEVANT BACKGROUND

### A. Plaintiff's Complaint

As a result of the Court's prior decisions (Dkt. Nos. 17,
26), Plaintiff's sole remaining claim in this action is his
First Amendment retaliation claim. More specifically, as
articulated in his Complaint (which was drafted by Plaintiff,
*pro se*, and therefore must be construed with special
solicitude), that claim alleges three separate ways he was
retaliated against for publicly criticizing Town officials. [2]

First, Plaintiff alleges that, in retaliation for filing charges
of ethical violations against Defendant Bertram, she (a)
"collaborated with and supported" the Town's Fire Chief
to deny and/or threaten to deny fire protection to Plaintiff,
(b) "supported and encouraged" various Town employees
to "illegal[ly] revo[ke] ... Plaintiff's permit to operate his
business," and (c) "supported and encouraged" the Town
Assessor's "campaign to intimidate Plaintiff by linking [his]
political speech [with his] real estate assessment." (Dkt. No.
1, ¶¶ 20-23, 116 [Pl.'s Compl.].)

Second, Plaintiff alleges that, in retaliation for writing
columns on his Internet blog regarding corruption among the
Town's public officials, the Town filed false criminal charges
against him. (*Id.*, ¶ 116.)

Third, and finally, Plaintiff alleges that, in retaliation for
criticizing Bertram, the Town Assessor, and the Town, the
Town Assessor used his authority to raise taxes in order to
intimidate Plaintiff into silence. (*Id.*, ¶¶ 23, 39, 47, 116.)

### B. Defendants' Motion for Summary Judgment

**\*2** In their motion for summary judgment, Defendants
request the dismissal of Plaintiff's Complaint in its entirety.
(Dkt. No. 59.) In support of their motion, Defendants make
the following four arguments. First, Defendants argue that
there was no adverse action against Plaintiff in that there
was no actual chilling of Plaintiff's First Amendment speech
or any other damages. (Dkt. No. 61, at 3-8 [Defs.' Mem. of
Law].)

Second, Defendants argue that, in any event, any such adverse
action was not motivated or substantially caused by Plaintiff's
First Amendment speech. (*Id.* at 5-6.)

Third, in the alternative, Defendants argue that Bertram was
not personally involved in any deprivation of fire protection
services to Plaintiff. (*Id.* at 5, 8-10.)

Fourth, and finally, Defendants argue that Bertram is entitled
to qualified immunity. (*Id.*)

### C. Plaintiff's Opposition Memorandum of Law

Generally construed, Plaintiff makes five arguments in
opposition to Defendants' motion. First, Plaintiff argues that
he engaged in protected speech by creating an Internet blog
on which he publicly criticized Town officials and exposed

Case 8:25-cv-00104-AJB-ML    Document 6    Filed 04/28/25    Page 12 of 46

Pflaum v. Town of Stuyvesant, Columbia Cty., N.Y., Not Reported in Fed. Supp. (2016)

their illegal activities. (Dkt. No. 65, at 3 [Pl.'s Opp'n Mem. of Law].)

Second, Plaintiff argues that Town officials took adverse action against him by issuing noise violations against him with respect to loud dog barking on his property, retaining special prosecutors to pursue civil suits and criminal charges against him, encouraging harassment and extra-judicial threats against him, and treating him differently from other residents. (*Id.* at 4-5.) As a result, Plaintiff argues that he suffered a chilling effect on his blogging as well as monetary damages due to the expense required to oppose the Town's retaliatory activities. (*Id.* at 6-8.)

Third, Plaintiff argues that the timing of these adverse actions, i.e., that they began after he created his blog, establishes the causal connection between his protected speech and the adverse actions. (*Id.* at 5.)

Fourth, Plaintiff argues that Bertram is not entitled to qualified immunity because it was not objectively reasonable to believe that her actions did not violate Plaintiff's First Amendment rights. (*Id.* at 5-6.) According to Plaintiff, these actions consisted of (1) threatening to fire the Town's Dog Control Officer if he did not serve Plaintiff with a criminal charge related to dog barking, and (2) retaining special prosecutors to pursue this charge against Plaintiff without first obtaining the Town's approval. (*Id.* at 9.)

Fifth, Plaintiff argues that municipal liability extends to the Town because of the actions of Bertram, the Town's supervisor, and her position as a policymaker. (*Id.* at 8-9.)

Finally, the Court notes that Plaintiff spends considerable time in his opposition papers arguing the merits of issues not raised by Defendants in their motion. For example, Plaintiff discusses the Town's denial of his FOIL requests, the Town's failure to respond appropriately to alleged vandalism of his property, and the sufficiency of the evidence that led to the issuance of noise violations related to dog barking. (*See generally id.*, at 3-4, 6-9; Dkt. No. 67, ¶¶ 4, 14, 25, 27, 36, 56-107 [Pl.'s Decl.].)

#### D. Defendants' Reply Memorandum of Law

In reply to Plaintiff's opposition memorandum of law, Defendants make two arguments. First, Defendants argue that, because Plaintiff has not complied with Local Rule 7.1(a)(3) in his response to their statement of material facts, their statement of material facts should be deemed admitted. (Dkt. No. 74, at 2-6 [Defs.' Reply Mem. of Law].)

**\*3** Second, Defendants argue that the record is devoid of any admissible evidence that Bertram was personally involved in an alleged deprivation of fire protection services with regard to Plaintiff's residence. (*Id.* at 6-7.) Furthermore, Defendants argue that Plaintiff cannot demonstrate that any adverse action was taken because he was never actually deprived of fire protection services and his subjective belief that the fire department may not respond to a fire at his residence is insufficient to create a genuine dispute of fact. (*Id.* at 7-8.)

#### E. Statement of Material Facts

##### 1. Plaintiff's Failure to Comply with N.D.N.Y. Local Rule 7.1

Before reciting the material facts of this case, the Court must address Plaintiff's response to Defendant's Rule 7.1 Statement of Material Facts. Local Rule 7.1(a)(3) of the Local Rules of Practice for this Court requires a party moving for summary judgment to submit a statement of material facts supported by specific citations to the record where those facts are established. N.D.N.Y. L.R. 7.1(a)(3). The non-moving party's subsequent response must mirror the moving party's statement of material facts by (1) admitting and/or denying each of the moving party's factual assertions in matching numbered paragraphs and (2) supporting any denials with specific citations to the record where the factual issues arise. *Id.* Importantly, "[t]he Court shall deem admitted any properly supported facts set forth in the [moving party's] Statement of Material Facts that the [non-moving] party does not specifically controvert." *Id.*

This Court's "Local Rule requirements are not empty formalities." *Bombard v. Gen. Motors Corp.*, 238 F. Supp. 2d 464, 467 (N.D.N.Y. 2002) (Munson, J.) (stating that "[t]he courts of the Northern District have adhered to a strict application of Local Rule 7.1[a][3]'s requirement on summary judgment motions"); *accord, Cross v. Potter*, 09-CV-1293, 2013 WL 1149525, at \*3 (N.D.N.Y. Mar. 19, 2013) (McAvoy, J.). Indeed, the underlying purpose of this rule "is to assist the court in framing the issues and determining whether there exist any triable issues of fact that would preclude the entry of summary judgment." *Youngblood v. Glasser*, 10-CV-1430, 2012 WL 4051846, at \*4 (N.D.N.Y. Aug. 22, 2012) (Peebles, M.J.); *see also N.Y. Teamsters Conference Pension*

Pflaum v. Town of Stuyvesant, Columbia Cty., N.Y., Not Reported in Fed. Supp. (2016)

Case 8:25-cv-00104-AJB-ML    Document 6    Filed 04/28/25    Page 13 of 46

*& Ret. Fund v. Express Servs., Inc.*, 426 F.3d 640, 649 (2d Cir. 2005) (noting that "Rules governing summary judgment practice are essential tools for district courts, permitting them to efficiently decide summary judgment motions by relieving them of the onerous task of 'hunt[ing] through voluminous records without guidance from the parties'") (quoting *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 [2d Cir. 2001]).

In the present case, Plaintiff has failed to respond appropriately to Defendants' Rule 7.1 Statement of Material Facts. Specifically, Plaintiff has failed to admit and/or deny each of Defendants' factual assertions in matching numbered paragraphs. Indeed, Defendants' Rule 7.1 Statement contains 71 paragraphs of factual assertions, while Plaintiff's 7.1 Response contains only 11 paragraphs. (*Compare* Dkt. No. 62 [Defs.' Rule 7.1 Statement] *with* Dkt. No. 66 [Pl.'s Rule 7.1 Response].) Moreover, many of Plaintiff's responses are conclusory in nature and/or contain legal arguments. The Court notes that, when he responded to Defendants' motion, Plaintiff was represented by counsel. Accordingly, the Court will accept the factual assertions in Defendants' 7.1 Statement as true to the extent that the evidence in the record supports these facts. *See Davis v. Cumberland Farms, Inc.*, 10-CV-0480, 2013 WL 375477, at *4 (N.D.N.Y. Jan. 29, 2013) (Scullin, J.) (accepting the defendant's statement of material facts as true where plaintiff neither admitted nor denied defendants' factual assertions); *Aktas v. JMC Dev. Co., Inc.*, 877 F. Supp. 2d 1, 5 n.3 (N.D.N.Y. 2012) (D'Agostino, J.) (accepting the third-party defendants' statement of material facts as true because the defendant/third-party plaintiff failed to respond to it in accordance with Local Rule 7.1[a][3] ).

### 2. Undisputed Material Facts

 **\*4** For purposes of this motion, the undisputed material facts are as follows. Gerald Ennis has served as the Zoning Enforcement Officer for the Town of Stuyvesant continuously since 2003. (Dkt. No. 62, ¶ 43 [Defs.' Rule 7.1 Statement].) In this capacity, Mr. Ennis issued Plaintiff a Class 2 Home Occupation Permit in August, 2009. (*Id.*, ¶ 44.) Under this permit, "[n]o unusual appearances, noise, vibration, smoke, dust, odors, heat, glare or electrical disturbances that exceed those normally produced by a resident shall be permitted." (*Id.*, ¶ 45.) Following the issuance of this permit, Mr. Ennis received numerous noise complaints from Plaintiff's neighbors in regard to increasingly loud barking from dogs on Plaintiff's property. (*Id.*, ¶¶ 46-47.) Following an investigation into these complaints, Mr. Ennis concluded that

Plaintiff's "home dog kennel which housed up to 50 dogs at a time was producing noise levels that exceeded those normally produced by a resident and, accordingly, [Plaintiff] was in violation of his Permit." (*Id.*, ¶ 48.)

On December 7, 2009, Mr. Ennis issued Plaintiff a notice of violation, which informed Plaintiff that the Town had received several complaints about the noise coming from his property and directed Plaintiff to remedy the violation by December 23, 2009. (*Id.*, ¶ 49.) Subsequently, Plaintiff contacted Mr. Ennis and requested that his phone number be given to those who had complained with instructions that they contact Plaintiff directly when there are noise issues so he can rectify any problems. (*Id.*, ¶ 50.) However, after a few months had passed, Plaintiff stopped answering his neighbors' phone calls; and, as a result, his neighbors made new complaints to Mr. Ennis. (*Id.*, ¶ 51.) After receiving these complaints and personally observing the loud noise emanating from Plaintiff's property, Mr. Ennis issued a second notice of violation to Plaintiff on April 26, 2010. (*Id.*, ¶¶ 52-53.) In response, Plaintiff advised Mr. Ennis that he would erect a sound barrier to remedy the issue. (*Id.*, ¶ 54.)

According to Mr. Ennis, he waited "some time" for Plaintiff to erect, or apply for a permit to construct, a sound barrier but neither action was taken. (*Id.*, ¶¶ 55-56.) After continuing to receive noise complaints, Mr. Ennis issued a third notice of violation to Plaintiff on August 9, 2010. (*Id.*, ¶ 56.) On the same day, Mr. Ennis met with Bertram and the Town Attorney to discuss the noise issue on Plaintiff's property. (*Id.*, ¶ 57.) The Town Attorney advised Bertram that Mr. Ennis had the authority to revoke Plaintiff's home occupation permit if he determined that Plaintiff was in violation of the permit's conditions. (*Id.*, ¶ 37.) As a result, Bertram advised Mr. Ennis that he may revoke Plaintiff's permit if he determined that the permit's conditions had been violated. (*Id.*, ¶ 38.) Later that same day (August 9, 2010), Mr. Ennis made the decision to revoke Plaintiff's permit and notified Plaintiff of that fact. (*Id.*, ¶¶ 39, 59.) Neither Plaintiff's statements concerning various issues in the Town nor his postings on various Internet sites had any bearing on the decision to revoke Plaintiff's permit. (*Id.*, ¶¶ 40, 61.)

Plaintiff testified at his deposition that the basis for his claim that he was deprived of fire protection services is that, "in 2011, or perhaps late 2010," a local fire department chief, Steve Montie, posted an online statement that Plaintiff should move out of town. (*Id.*, ¶ 14.) Plaintiff testified that the post was made in response to one of his earlier posts on a local

town Internet forum; in Plaintiff's post, he had complained of alleged ethical violations committed by Bertram. (*Id.*, ¶¶ 15-16.) The alleged post by Mr. Montie states in its entirety as follows:

> William,
>
> How much more of this are you going to do ? ? ? ? You are wasting more tax payer dollars than its worth. Man up correct your problems and move on, or better yet move out.
>
> S

(*Id.*, ¶ 19.) The author of this post is not identified by name but only by the email address stuyvesantchief@fairpoint.net; and, as indicated above, the post is signed only as "S." (*Id.*, ¶ 18.)

**\*5** Plaintiff testified that the statements in the alleged post amounted to a threatened denial of fire department services because "the fire chief told me I should move out of town, which makes me wonder if there was a fire at my house would he come." (*Id.*, ¶ 20.) However, Plaintiff testified that no one has ever told him that the fire department would not respond if there was a fire at his house. (*Id.*, ¶ 22.) In addition, Plaintiff testified that there are two distinct fire departments in the Town, Stuyvesant Company 1 and Stuyvesant Company 2, which divide their responses to emergency calls in the Town geographically. (*Id.*, ¶ 23.) Steve Montie is the Chief of Stuyvesant Company 1 and a different chief controls Company 2. (*Id.*, ¶ 25.) Plaintiff's property is located in the geographic area covered by Company 2. (*Id.*, ¶ 24.) According to Bertram, she did not "in any way direct any fire department to deprive or threaten to deprive [Plaintiff] of fire services." (*Id.*, ¶ 33.)

Finally, Plaintiff testified that there was "never" a time that he did not publicize or speak out against some issues based upon any actions by the Town and the alleged efforts to silence him did not work. (*Id.*, ¶ 26.) In fact, following the alleged actions by the Town, Plaintiff did more blogging and increased his "political activities against the Town." (*Id.*, ¶ 27.) With respect to his business, Plaintiff testified that, despite losing his business permit in August, 2010, he continued to operate his business uninterrupted without a permit as he had before it was issued in 2009. (*Id.*, ¶ 29.) Accordingly, there was no interruption to Plaintiff's business as a result of his home business permit being revoked. (*Id.*, ¶¶ 28, 30.)

## II. STANDARD GOVERNING A MOTION FOR SUMMARY JUDGMENT

Under Fed. R. Civ. P. 56, summary judgment is warranted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). As a result, "[c]onclusory allegations, conjecture and speculation ... are insufficient to create a genuine issue of fact." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998) (citation omitted); *see also* Fed. R. Civ. P. 56(e)(2). As the Supreme Court has famously explained, "[the non-moving party] must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986). As for the materiality requirement, a dispute of fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

In determining whether a genuine issue of material fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the movign party. *Anderson*, 477 U.S. at 255. In addition, "[the moving party] bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the ... [record] which it believes demonstrate[s] the absence of any genuine issue of material fact." *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986); *see also* Fed. R. Civ. P. 56(c), (e). However, when the moving party has met this initial burden of establishing the absence of any genuine issue of material fact, the nonmoving party must come forward with specific facts showing a genuine dispute of material fact for trial. Fed. R. Civ. P. 56(c), (e). Where the non-movant fails to deny the factual assertions contained in the movant's Rule 7.1 Statement of Material Facts in matching numbered paragraphs supported by a citation to admissible record evidence (as required by Local Rule 7.1[a][3] of the Court's Local Rules of Practice), the court may not rely solely on the movant's Rule 7.1 Statement; rather, the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143, n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

## III. ANALYSIS

### A. Whether Plaintiff Suffered an Adverse Action

**\*6** After carefully considering the matter, the Court answers this question in the negative for the reasons set forth in Defendants' memorandum of law and reply memorandum of law. (Dkt. No. 61, at 3-8 [Defs.' Mem. of Law]; Dkt. No. 74, at 6-8 [Defs.' Reply Mem. of Law].) To those reasons, the Court adds the following two points.

As this Court noted in its prior decisions, in order to state a claim for retaliation under the First Amendment, "a plaintiff must prove (1) his conduct was protected by the First Amendment, (2) the defendants' actions were motivated or substantially caused by the exercise of that right, and (3) defendants' actions effectively 'chilled' the exercise of plaintiff's First Amendment right." *Pflaum*, 937 F. Supp. 2d at 303 (citing *Dillon v. Morano*, 497 F.3d 247, 251 [2d Cir. 2007]). "In cases 'involving criticism of public officials by private citizens,' the Second Circuit has generally 'impose[d] an actual chill requirement for First Amendment retaliation claims[,]' i.e., a requirement that the plaintiff allege and ultimately prove an 'actual chill' of his First Amendment rights." *Hafez v. City of Schenectady*, 894 F. Supp. 2d 207, 221 (N.D.N.Y. 2012) (D'Agostino, J.) (quoting *Gill v. Pidlypchak*, 389 F.3d 379, 381 [2d Cir. 2004]). "To establish this element, it is not enough for the plaintiff simply to show that he changed his behavior in some way; he must show that the defendant intended to, and did, prevent or deter him from exercising his rights under the First Amendment." *Hafez*, 894 F. Supp. 2d at 221. "However, 'where the retaliation is alleged to have caused an injury separate from any chilling effect, such as a job loss or demotion, an allegation as to a chilling effect is not necessary to state a claim.'" *Id.* (quoting *Puckett v. City of Glen Cove*, 631 F. Supp. 2d 226, 239 [E.D.N.Y. 2009]); *see also Brink v. Muscente*, 11-CV-4306, 2013 WL 5366371, at \*7 (S.D.N.Y. Sept. 25, 2013) (noting that, in private citizen cases, "various forms of concrete harm have been substituted for the 'actual chilling' requirement").

First, it is clear from Plaintiff's deposition testimony that there was no actual chilling of his protected speech as a result of Defendants' actions. As discussed above, Plaintiff admitted that he increased his political activities and continued to publicize his opinions against the Town in the face of its alleged efforts to silence him. "Where a party can show no change in his behavior, he has quite plainly shown no chilling of his First Amendment right to free speech." *Curley v. Vill. of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001); *see also Singer v.*

*Fulton Cty. Sheriff*, 63 F.3d 110, 120 (2d Cir. 1995) (finding no chilling effect where, after an arrest, the plaintiff continued to publish his newspaper through which he criticized the village government); *Spear v. Town of W. Hartford*, 954 F.2d 63, 67 (2d Cir. 1992) (finding no chilling effect where, after the filing of a lawsuit, the plaintiff continued to write criticizing editorials in the same manner as before the lawsuit).

Second, to the extent that Plaintiff argues that he perceived the online post regarding the loss of fire protection as a real threat, he is still required to show that his perception was objectively reasonable, i.e., "that the defendant[s'] actions had some actual, non-speculative chilling effect." *Colombo v. O'Connell*, 310 F.3d 115, 117 (2d Cir. 2002); *see also Laird v. Tatum*, 408 U.S. 1, 13-14 (1972) (holding that "[a]llegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm"). Plaintiff's subjective belief that the online post constituted a real threat, without more, is insufficient to demonstrate an actual chilling effect on his First Amendment rights. Indeed, as discussed above in Point I.E.2. of this Decision and Order, Plaintiff admitted that no one had told him that the fire department would not respond if there was a fire at his house. Moreover, a different fire chief than the one who allegedly authored the online post is responsible for responding to fire calls in the location of Plaintiff's residence.

### B. Whether There Was a Causal Connection Between Plaintiff's Speech and Any Adverse Action

**\*7** After carefully considering the matter, the Court answers this question in the negative for the reasons set forth below.

To establish the second element of his First Amendment retaliation claim, "plaintiff must provide specific proof of defendants' improper motivation with either circumstantial or direct evidence." *Media All., Inc. v. Mirch*, 09-CV-0659, 2011 WL 3328532, at \*5 (N.D.N.Y. Aug. 2, 2011) (D'Agostino, J.) (citing *Curley*, 285 F.3d at 73). "Circumstantial evidence includes close temporal proximity between plaintiff's speech and the alleged retaliatory act." *Mirch*, 2011 WL 3328532, at \*5.

"Regardless of the presence of retaliatory motive, however, a defendant may be entitled to summary judgment if he can show dual motivation, i.e., that even without the improper motivation the alleged retaliatory action would have occurred." *Scott v. Coughlin*, 344 F.3d 282, 287-88 (2d Cir. 2003) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 [1977]). "Plaintiff has the initial burden

Case 8:25-cv-00104-AJB-ML    Document 6    Filed 04/28/25    Page 16 of 46

Pflaum v. Town of Stuyvesant, Columbia Cty., N.Y., Not Reported in Fed. Supp. (2016)

of showing that an improper motive played a substantial part in defendant's action. The burden then shifts to defendant to show it would have taken exactly the same action absent the improper motive." *Scott*, 344 F.3d at 288.

### 1. Revocation of Plaintiff's Business Permit

In denying Defendants' underlying motion to dismiss Plaintiff's First Amendment claim, this Court held that Plaintiff had sufficiently alleged a concrete harm through the loss of his business permit, and consequently, the loss of business income, as a result of Defendants' alleged retaliatory actions. *Pflaum*, 937 F. Supp. 2d at 308. Having carefully reviewed the record, the Court finds that Plaintiff has failed to create a genuine dispute of material fact regarding Defendants' alleged improper motive. Specifically, with respect to the revocation of his business permit, the undisputed facts establish that the Town received complaints regarding the noise emanating from Plaintiff's property. Plaintiff was given two [3] noise violations over the course of approximately one year and ample opportunity to rectify the problem. (Dkt. No. 67, Attach. 5.) Because the noise problem and complaints continued, Mr. Ennis revoked Plaintiff's permit. [4] Even if Plaintiff were able to establish that an improper motive played a part in this decision, it is clear to the Court that, under these circumstances, the revocation would have still occurred. Indeed, Plaintiff challenged the decision to revoke his permit in appeals made to the Town's Zoning Board of Appeals and in two actions filed in New York State Supreme Court. (Dkt. No. 67, Attachs. 1 & 2.) Although Plaintiff was successful in his state court actions, those decisions were based, in part, upon the Town's failure to follow proper procedure, rather than the merits of the Town's decision. (*Id.*)

### 2. Criminal Charges

**\*8** Plaintiff has also failed to demonstrate an improper motive with respect to his claim that he received false criminal charges in retaliation for comments on his website about corruption among public officials. Plaintiff relies on the temporal proximity of these charges with a meeting he had with Bertram and his filing of an Article 78 petition in New York State Supreme Court. More specifically, Plaintiff argues that he began an Internet blog on or about January 1, 2011,

and in that blog reported on what he perceived to be the illegal activities of Town officials. (Dkt. No. 67, ¶ 15 [Pl.'s Decl.].)

For example, on January 1, 2011, Plaintiff wrote about the alleged inflation of billable time by the Town Attorney that was spent on work paid for by the Town. (*Id.* at 65:8–11.) Around the same time, Plaintiff met with Bertram to discuss his discovery of specific instances of corruption by public officials, including the alleged inflation of billable work by the Town Attorney. (Dkt. No. 59, Attach. 7, at 62:13–15; 64:9–15 [Pl.'s Dep. Tr.].) On January 15, 2011, a few days after this meeting occurred, Plaintiff was issued a criminal summons for the offense of "habitual loud barking," in violation of N.Y. Local Law § 1. (*Id.* at 61:19–22; Dkt. No. 68, Attach. 7 [Criminal Summons]; Dkt. No. 67, ¶ 15 [Pl.'s Decl.].) Plaintiff testified at his deposition that the Town Attorney went to great lengths to research the Local Law that he was charged under and assisted one of Plaintiff's neighbors in drafting an affidavit upon which the criminal summons was based. (Dkt. No. 59, Attach. 7, at 65:17–21 [Pl.'s Dep. Tr.]; Dkt. No. 67, ¶ 107 [Pl.'s Decl.].) Plaintiff argues that he is the first Town resident to be charged under this section of the Local Law. (Dkt. No. 67, ¶¶ 100, 106 [Pl.'s Decl.].) Finally, Plaintiff argues that Bertram retained outside counsel to pursue this charge against him, which was later dismissed. (Dkt. No. 67, ¶¶ 5, 19, 21 [Pl.'s Decl.]; Dkt. No. 59, Attach. 7, at 57:16–18 [Pl.'s Dep. Tr.].)

Thereafter, in October 2011, Plaintiff filed an Article 78 petition in New York State Supreme Court challenging the Town's denial of Plaintiff's FOIL requests. (Dkt. No. 59, Attach. 7, at 67:7–12 [Pl.'s Dep. Tr.].) Plaintiff sought disclosure of the information in the FOIL requests to substantiate his belief that Town officials were engaging in illegal activities. (Dkt. No. 67, ¶¶ 43–44 [Pl.'s Decl.].) One week after commencing that action, Plaintiff received a second criminal summons for the same offense related to loud dog barking. (Dkt. No. 68, Attach. 7 [Appearance Ticket]; Dkt. No. 59, Attach. 7, at 56:16–19; 67:7–12 [Pl.'s Dep. Tr.].) Plaintiff testified that he had "almost no dogs" on his property in October 2011. (Dkt. No. 59, Attach. 7, at 67:8–10 [Pl.'s Dep. Tr.].) According to Plaintiff, that charge was neither dismissed nor withdrawn, but "vanished." (*Id.*, at 57:19–58:9.)

While Plaintiff's allegations may plausibly suggest that an improper motive played a role in the charges brought against him, Defendants have submitted admissible record evidence that establishes otherwise. (Dkt. No. 59, Attach. 17.) Specifically, the criminal information in question is signed

by one of Plaintiff's neighbors, Frederick Platt, and states, in part, that "my complaint is that the dogs at Glencadia Dog Camp exhibit ongoing habitual barking/howling at any given time of day or night. This has been an issue since the Fall of 2009." (*Id.*) Furthermore, an affidavit filed by Wes Powell, the Town's Dog Control Officer, states that he received repeated complaints from Mr. Platt throughout 2010, culminating in the noise complaint that served as the basis for the criminal charge. (Dkt. No. 59, Attach. 16, ¶¶ 3-5 [Powell Aff.].) Mr. Powell states that the complaint was written by Mr. Platt in his presence and that no Town official directed Mr. Powell to serve Plaintiff with the criminal summons. (*Id.*, ¶¶ 7-10.)

**\*9** Conversely, Plaintiff has not submitted any admissible record evidence supporting his claim that the Town Attorney (who is not a party) played any role in the charge being filed against him or that he is the only resident to have ever been charged under this section of the Local Law. Similarly, Plaintiff's contention that the Town pressured Mr. Platt to file a complaint against him (Dkt. No. 67, ¶ 7[Pl.'s Decl.] ) is unsubstantiated. While the timing of the charge may appear suspicious, the Town cannot control when its residents decide to file a complaint and, in light of the record evidence demonstrating that there was a preexisting noise problem on Plaintiff's property, the complaint is unsurprising. Moreover, the fact that Plaintiff *believes* the Town shored up its criminal charge against him is of little, if any, materiality. Finally, because the second charge seemingly "vanished," no documentation or evidence (other than the appearance ticket itself) has been submitted with respect to that charge. In any event, because the charge was never prosecuted, Plaintiff has failed to support his claim that he suffered any harm. Accordingly, the Court finds that Plaintiff has failed to meet his burden in demonstrating an improper motive with respect to this charge.

### 3. Town Assessor Gleason

Plaintiff claims that Town Assessor Howard Gleason (also not a party) threatened to raise his property taxes for engaging in political activities when Mr. Gleason hand delivered a letter to Plaintiff before a public meeting. (Dkt. No. 69, Attach. 18, at 3 [Letter from Pl. to Gleason]; Dkt. No. 67, ¶ 29 [Pl.'s Decl.].) The only evidence submitted with respect to this claim is not the original letter from Mr. Gleason to Plaintiff but letter correspondence from Plaintiff to Mr. Gleason. (Dkt. No. 69, Attach. 18, at 3 [Letter from Pl. to Gleason].) Plaintiff's letter to Mr. Gleason, dated October 5, 2010, states that Plaintiff

interpreted Mr. Gleason's attempt to speak with him about tax filings before a town hall meeting as threatening in nature due to the "timing and manner of the interaction." (*Id.*) This is because Plaintiff "had announced [his] intention to call for a referendum frequently and in many forums prior to appearing for the meeting." (*Id.*) Furthermore, Plaintiff requested that, in order to "avoid the impression that you coordinate your tax-related activities with other people in government in order to intimidate free speech, please do not present important information to me in such an information [sic] and unverifiable way." (*Id.*)

However, Mr. Gleason's response to Plaintiff's letter suggests that their interaction was not meant as a threat to raise Plaintiff's taxes or "was in any way politically motivated." (Dkt. No. 69, Attach. 18, at 4 [Letter from Pl. to Gleason].) More specifically, Mr. Gleason explains that he needed to re-assess Plaintiff's property in light of the fact that Plaintiff was now running a kennel (business) on his property and decided to hand deliver his letter knowing that Plaintiff would be present for the town hall meeting. (*Id.*) Moreover, Mr. Gleason reassured Plaintiff that politics do not dictate how he performs his job and promised that all future communication will be transmitted through mail rather than in-person. (*Id.*)

Plaintiff has failed to submit any additional evidence with respect to his tax assessment, that his taxes were improperly raised or that Mr. Gleason acted with a retaliatory animus. [5] Similarly, no evidence has been submitted to substantiate Plaintiff's claim that Bertram encouraged Mr. Gleason to use his authority as Town Assessor to intimidate Plaintiff. In sum, Plaintiff has wholly failed to satisfy his burden demonstrating that he suffered harm as a result of any action taken by Mr. Gleason and that Mr. Gleason acted with an improper motive.

**\*10** For all of these reasons, the Court finds that Plaintiff has failed to create a genuine dispute of material fact with respect to his First Amendment claim. Because the Court has reached this conclusion, it need not, and does not, consider the merits of Defendant Bertram's alternative qualified immunity argument.

**ACCORDINGLY**, it is

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 59) is **GRANTED**. The Clerk of the Court is directed to enter judgment in favor of the Defendants and close this case.

**All Citations**

Not Reported in Fed. Supp., 2016 WL 865296

---

## Footnotes

1     Although Plaintiff is currently proceeding *pro se*, the Court notes that he had counsel when preparing his response to Defendant's motion for summary judgment. Accordingly, no need exists to construe Plaintiff's response with the special solicitude ordinarily afforded to *pro se* litigants.

2     The Court notes that, while it did not previously (i.e., in its prior decisions) liberally construe Plaintiff's retaliation claim as arising under three separate theories, it does so now. The Court further notes that it has the power to address these two additional theories for each of two alternative reasons: (1) because Defendants moved for dismissal of Plaintiff's retaliation claim in its entirety, Plaintiff has had sufficient notice and an opportunity to be heard with respect to the two theories in question; and (2) in any event, even if Plaintiff cannot be said to have had such notice and an opportunity to be heard, he filed his Complaint *pro se* and the Court finds the two theories to be so lacking in arguable merit as to be frivolous, *see Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (recognizing that district court has power to *sua sponte* dismiss *pro se* complaint based on frivolousness notwithstanding fact that plaintiff has paid statutory filing fee).

3     As discussed above, Plaintiff was actually given three noise violations. However, because his permit was revoked on the same day that he received the third violation, the Court will disregard the third violation for purposes of this analysis.

4     The Court notes that Plaintiff spends considerable time in his opposition papers disputing the sufficiency of the evidence and procedures that were followed that led to the issuance of noise violations. (*See generally* Dkt. No. 67, ¶¶ 56-95 [Pl.'s Decl.].) However, this Court is not the proper forum for that dispute. Furthermore, to the extent that the New York Supreme Court observed that there appeared "to have been a disproportionate amount of time and money spent on [the noise violation] notice," and that the records did not "reveal a real issue with dog-barking," those observations are not binding upon this Court. (Dkt. No. 67, Attach. 2, at 6.) Setting aside the fact that the observations constitute dicta, Defendants have submitted admissible record evidence demonstrating that Mr. Ennis acted upon complaints made to him by residents of the Town, which Plaintiff has failed to properly dispute.

5     For example, with regard to this lack of additional evidence regarding retaliatory animus, Plaintiff has failed to adduce admissible record evidence establishing that, even assuming Mr. Gleason knew of Plaintiff's intent to engage in protected speech, the so-called "manner of the interaction" by Mr. Gleason (i.e., the hand delivery of the letter) was in fact unusual for Mr. Gleason given the date of the letter and the date of the public meeting. Moreover, Plaintiff has failed to adduce admissible record evidence that the so-called "timing ... of the interaction" is significant, given his rather constant exercise of his First Amendment rights during the time in question.

---

**End of Document**          © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Case 8:25-cv-00104-AJB-ML    Document 6    Filed 04/28/25    Page 19 of 46

Clervrain v. Robbins, Not Reported in Fed. Supp. (2022)

2022 WL 17517312
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Manetirony CLERVRAIN, Plaintiff,

v.

Jonathan ROBBINS, et al., Defendants.

1:22-CV-1248 (MAD/DJS)
|
Signed December 8, 2022

**Attorneys and Law Firms**

MANETIRONY CLERVRAIN, Plaintiff, Pro Se, Anderson,
IN 46013.

**REPORT-RECOMMENDATION and ORDER**

DANIEL J. STEWART, United States Magistrate Judge

**\*1** The Clerk has forwarded for review what has been
docketed as a civil complaint filed by Plaintiff. Dkt. No. 1,
Compl. Plaintiff has not paid the filing fee but has submitted
an application to proceed *in forma pauperis* ("IFP"), Dkt. No.
2, which the Court has granted. [1]

**I. SUFFICIENCY OF THE COMPLAINT**

**A. Governing Legal Standard**

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to
proceed *in forma pauperis*, "(2) ... the court shall dismiss
the case at any time if the court determines that − ... (B)
the action ... (i) is frivolous or malicious; (ii) fails to state a
claim on which relief may be granted; or (iii) seeks monetary
relief against a defendant who is immune from such relief." 28
U.S.C. § 1915(e)(2)(B). [2] Thus, even if a plaintiff meets the
financial criteria to commence an action *in forma pauperis*, it
is the court's responsibility to determine whether the plaintiff
may properly maintain the complaint that he filed in this
District before the court may permit the plaintiff to proceed
with this action *in forma pauperis. See id.*

Likewise, under 28 U.S.C. § 1915A, a court must review
any "complaint in a civil action in which a prisoner seeks

redress from a governmental entity or officer or employee of
a governmental entity" and must "identify cognizable claims
or dismiss the complaint, or any portion of the complaint,
if the complaint ... is frivolous, malicious, or fails to state a
claim upon which relief may be granted; or ... seeks monetary
relief from a defendant who is immune from such relief." 28
U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116
(2d Cir. 1999) (*per curiam*); *Abbas v. Dixon*, 480 F.3d 636,
639 (2d Cir. 2007) (stating that both sections 1915 and 1915A
are available to evaluate *pro se* prisoner complaints).

In reviewing a *pro se* complaint, the court has a duty to show
liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d
605, 606 (2d Cir. 1990) (*per curiam*), and should exercise
"extreme caution ... in ordering sua sponte dismissal of a
pro se complaint *before* the adverse party has been served
and both parties (but particularly the plaintiff) have had an
opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37,
41 (2d Cir. 1983) (internal citations omitted). Therefore, a
court should not dismiss a complaint if the plaintiff has stated
"enough facts to state a claim to relief that is plausible on its
face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
"A claim has facial plausibility when the plaintiff pleads
factual content that allows the court to draw the reasonable
inference that the defendant is liable for the misconduct
alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing
*Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

**\*2** Although a court should construe the factual allegations
in the light most favorable to the plaintiff, "the tenet that
a court must accept as true all of the allegations contained
in a complaint is inapplicable to legal conclusions." *Id.*
"Threadbare recitals of the elements of a cause of action,
supported by mere conclusory statements, do not suffice." *Id.*
(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here
the well-pleaded facts do not permit the court to infer more
than the mere possibility of misconduct, the complaint has
alleged - but it has not show[n] - that the pleader is entitled
to relief." *Id. at 679* (quoting FED. R. CIV. P. 8(a)(2)).
Rule 8 of the Federal Rules of Civil Procedure "demands
more than an unadorned, the-defendant-unlawfully-harmed-
me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell
Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading
that only "tenders naked assertions devoid of further factual
enhancement" will not suffice. *Id.* (internal quotation marks
and alterations omitted).

Case 8:25-cv-00104-AJB-ML   Document 6   Filed 04/28/25   Page 20 of 46

Clervrain v. Robbins, Not Reported in Fed. Supp. (2022)

### B. Analysis of the Complaint

A court's initial review of a complaint under § 1915(e) must encompass the applicable standards of the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction ...;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)). Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in part:

> **(b) Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). The purpose of Rule 10 is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Sandler v. Capanna*, 1992 WL 392597, at *3 (E.D. Pa. Dec. 17, 1992).

A complaint that fails to comply with basic pleading requirements presents too heavy a burden for defendants to craft a defense "and provides no meaningful basis for the

Court to assess the sufficiency of [the plaintiff's] claims," and may properly be dismissed. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).

Plaintiff's Complaint clearly does not satisfy these requirements. The nature of the Complaint is unclear. The Complaint recites a wide variety of federal statutes and case law, but a thorough review of the main Complaint and the numerous attachments does not provide clarity as to what federal claim Plaintiff seeks to pursue in this Court. It is unclear what relationship the individuals identified by Plaintiff as Defendants have to Plaintiff and how he alleges they violated his rights.

Given its lack of clarity, the Complaint is clearly subject to dismissal. "[A] court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.' " *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). Accordingly, the Court recommends that the Complaint be dismissed, but that Plaintiff be afforded an opportunity to amend.

**\*3** The Court advises Plaintiff that should he be permitted to amend his Complaint, any amended pleading she submits must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Any such amended complaint, **which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff**, must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**. Thus, if Plaintiff claims that his civil and/or constitutional rights were violated by more than one defendant, or on more than one occasion, he should include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date, including the year, on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

Plaintiff is further cautioned that no portion of his prior Complaint shall be incorporated into his amended complaint by reference. Any amended complaint submitted by Plaintiff must set forth all of the claims he intends to assert against the

Case 8:25-cv-00104-AJB-ML    Document 6    Filed 04/28/25    Page 21 of 46

Clervrain v. Robbins, Not Reported in Fed. Supp. (2022)

defendants and must demonstrate that a case or controversy exists between the Plaintiff and the defendants which Plaintiff has a legal right to pursue and over which this Court has jurisdiction. If Plaintiff is alleging that the named defendant violated a law, he should specifically refer to such law.

## II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED with leave to amend**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) [3] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

## All Citations

Not Reported in Fed. Supp., 2022 WL 17517312

---

## Footnotes

1    Plaintiff has also moved for leave to file electronically. Dkt. No. 3. Given the recommended disposition of this case, that Motion is denied with leave to renew if Plaintiff files a complaint that survives review under section 1915.

2    To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

3    If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

---

**End of Document**                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Case 8:25-cv-00104-AJB-ML    Document 6    Filed 04/28/25    Page 22 of 46

Clervrain v. Robbins, Not Reported in Fed. Supp. (2023)

2023 WL 3170384
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Manetirony CLERVRAIN, Plaintiff,

v.

Jonathan ROBBINS, Jean-Max Bellerive,
Josue Pierre-Louis, Garry Conille, Jean-Claude
Theogene, Barthelemy Anteno, Kwasi Amoako-
Attah, and Victor (Ito) Bisono Haza, Defendants.

1:22-CV-1248 (MAD/DJS)
|
Signed May 1, 2023

**Attorneys and Law Firms**

MANETIRONY CLERVRAIN, 4326 South Scatterfield
Road, Suite 153, Anderson, Indiana 46013, Plaintiff, Pro Se.

**ORDER**

Mae A. D'Agostino, United States District Judge:

 **\*1** On November 22, 2022, *pro se* Plaintiff Manetirony
Clervrain ("Plaintiff") filed a complaint against Defendants
consisting of 70 pages of forms and documents, *see* Dkt.
No. 1, "recit[ing] a wide variety of federal statutes and case law,"
Dkt. No. 7 at 5, and around two hundred pages of attachments.
*See* Dkt. Nos. 1-1, 1-5, 1-6. On the same day, Plaintiff moved
for leave to proceed *in forma pauperis* ("IFP"), *see* Dkt. No.
2, and to obtain an ECF login and password. *See* Dkt. No. 3.

On December 8, 2022, Magistrate Judge Daniel J. Stewart
granted Plaintiff's motion to proceed IFP. *See* Dkt.
No. 6. Additionally, Magistrate Judge Stewart issued a
Report-Recommendation and Order recommending that the
complaint be dismissed with leave to amend. *See* Dkt.
No. 7. Plaintiff has not filed an objection to the Report-
Recommendation and Order.

When a party declines to file objections to a magistrate judge's
report-recommendation or files "[g]eneral or conclusory
objections or objections which merely recite the same
arguments [presented] to the magistrate judge," the district
court reviews those recommendations for clear error. *O'Diah
v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y.
Mar. 16, 2011)* (citations and footnote omitted); *see also*

*McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y.
2007). After the appropriate review, "the court may accept,
reject, or modify, in whole or in part, the findings or
recommendations made by the magistrate judge." 28 U.S.C.
§ 636(b)(1).

"[I]n a *pro se* case, the court must view the submissions
by a more lenient standard than that accorded to 'formal
pleadings drafted by lawyers.' " *Govan v. Campbell*, 289
F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v.
Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted).
The Second Circuit has held that the court is obligated to
" 'make reasonable allowances to protect *pro se* litigants' "
from inadvertently forfeiting legal rights merely because they
lack a legal education. *Govan*, 289 F. Supp. 2d at 295 (quoting
*Taguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Having reviewed the December 8, 2022 Report-
Recommendation and Order, Plaintiff's complaint and the
applicable law, the Court finds that Magistrate Judge Stewart
correctly determined that the complaint should be dismissed.
The complaint is largely incomprehensible and suffers from
several deficiencies. Rule 8(a) of the Federal Rules of Civil
Procedure provides that a pleading must contain "a short
and plain statement of the claim showing that the pleader is
entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's complaint
is neither short nor plain. *See* Dkt. No. 1. As currently
drafted, and even with the leniency given to a *pro se* litigant's
pleadings, Plaintiff failed to meet pleading standards such
that the Court is unable to meaningfully analyze whether
Plaintiff can allege any colorable claim against Defendants.
*See Canning v. Hofmann*, No. 1:15-CV-0493, 2015 WL
6690170, *5 (N.D.N.Y. Nov. 2, 2015) ("[H]aving found
that none of the allegations in Plaintiff's meandering and
indecipherable Complaint raise a cognizable cause of action,
the Court concludes that the Complaint fails to state a claim
upon which relief may be granted and is subject to dismissal")
(citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

 **\*2** Finally, the Court agrees with Magistrate Judge Stewart
that Plaintiff should be granted an opportunity to amend
out of deference to Plaintiff's *pro se* status. *See Nielsen
v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (" 'Generally,
leave to amend should be freely given, and a *pro se*
litigant in particular should be afforded every reasonable
opportunity to demonstrate that he has a valid claim' ")
(quotation omitted). Should Plaintiff choose to amend the
complaint, the Court urges Plaintiff to review Magistrate

Clervrain v. Robbins, Not Reported in Fed. Supp. (2023)

Case 8:25-cv-00104-AJB-ML    Document 6    Filed 04/28/25    Page 23 of 46

Judge Stewart's suggestions in the Report-Recommendation and Order thoroughly. *See* Dkt. No. 7 at 4-6.

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation and Order (Dkt. No. 7) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED with leave to amend**; and the Court further

**ORDERS** that Plaintiff shall file his amended complaint within **thirty (30) days** of the date of this Order; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within thirty (30) days of the date of this Order, the Clerk of the Court shall enter judgment in Defendants' favor and close this case without further order from this Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2023 WL 3170384

---

**End of Document**                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Gillich v. Shields, Not Reported in Fed. Supp. (2018)

Case 8:25-cv-00104-AJB-ML    Document 6    Filed 04/28/25    Page 24 of 46

2018 WL 2926299
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Richard GILLICH, Plaintiff,

v.

Beverly J. SHIELDS, Delaware
County Treasurer, et al., Defendants.

Civil Action No. 3:18-CV-0486 (MAD/DEP)
|
Signed 04/30/2018

**Attorneys and Law Firms**

RICHARD GILLICH, 22 Gregory Street, Danbury, CT
06811, pro se.

ORDER, REPORT, AND RECOMMENDATION

David E. Peebles, U.S. Magistrate Judge

 **\*1** This is an action brought by *pro se* plaintiff Richard
Gillich against the State of New York, Delaware County,
the Delaware County Treasurer, the Delaware County
Attorney, and two Assistant Delaware County Attorneys.
Accompanying plaintiff's complaint is a motion requesting
permission to proceed in the action *in forma pauperis* ("IFP").
Those documents have been forwarded to me for review.
For the reasons set forth below, plaintiff's IFP application is
denied, and I recommend that his complaint be dismissed,
with leave to replead.

I. BACKGROUND

Plaintiff commenced this action on April 9, 2018 in the United
States District Court for the Eastern District of New York.
Dkt. No. 1. His complaint, which is entitled "Constitutional
Tort, and Common-Law Torts Complaint," is exceedingly
difficult to construe and is rife with nonsensical rhetoric. *See
generally id.* Nonetheless, it appears—though it is far from
clear—that plaintiff's claims stem from defendants' efforts
to foreclose upon a property in which he has an interest for
the non-payment of taxes. *Id.* Based upon the fact that the
property in question is located in Delaware County, which
lies within the Northern District of New York, the matter
was subsequently transferred to this court by order issued by

United States District Judge Pamela K. Chen on April 18,
2018. Dkt. No. 4.

II. DISCUSSION

A. Plaintiff's IFP Application
Filed together with plaintiff's complaint is a motion for leave
to proceed IFP. Dkt. No. 2. In support of his request, plaintiff
asserts that he is unable to pay the required fees, and claims
that, in any event, as a *pro se* plaintiff he cannot be forced
to pay a fee for commencing an action in a federal district
court. [1] Dkt. No. 2. Plaintiff's naked claim that he is unable
to pay the required filing fee is unsupported by any affidavit
or other reliable information concerning his finances.

When a civil action is commenced in a federal district court,
the statutory filing fee, currently set at $400, must ordinarily
be paid. 28 U.S.C. §§ 1914(a). A court is authorized, however,
to grant IFP status if it determines that the plaintiff is unable to
pay the required filing fee. [2] 28 U.S.C. § 1915(a)(1). Pursuant
to section 1915, where a plaintiff seeks leave to proceed
IFP, the court must determine whether the plaintiff has
demonstrated sufficient economic need to proceed without
prepaying the required filing fee. 28 U.S.C. § 1915(a)(1).

 **\*2** The decision of whether to grant an application to
proceed IFP rests within the sound discretion of the court.
*Anderson v. Coughlin,* 700 F.2d 37, 42 (2d Cir. 1983). Section
1915 only provides that a court must be satisfied "that the
person is unable to pay such fees or give security therefor"
prior to granting IFP status. 28 U.S.C. § 1915(a)(1). To
make this threshold showing, a plaintiff must demonstrate
"that paying such fees would constitute a serious hardship
on the plaintiff, not that such payment would render plaintiff
destitute." *Fiebelkorn v. United States,* 77 Fed. Cl. 59, 62
(Fed. Cl. 2007) (citing *Adkins v. E.I. DuPont de Nemours
& Co.,* 335 U.S. 331, 339 (1948) ); *see also Potnick v. E.
State Hosp.,* 701 F.2d 243, 244 (2d Cir. 1983) ("Section
1915(a) does not require a litigant to demonstrate absolute
destitution[.]"); *accord, Lee v. McDonald's Corp.,* 231 F.3d
456, 459 (8th Cir. 2000). As the Second Circuit has noted,
"no party must be made to choose between abandoning a
potential meritorious claim or foregoing the necessities of
life." *Potnick,* 701 F.2d at 244 (citing *Adkins,* 335 U.S. at 339).

In support of an IFP application, section 1915 requires that
a plaintiff submit an affidavit reflecting all of his assets. 28
U.S.C. § 1915(a)(1). Without the submission of a completed

financial affidavit, a plaintiff's application is incomplete, and this defect alone warrants denial of the IFP application. *See, e.g., U.S. v. Copen*, 378 F. Supp. 99, 103 (S.D.N.Y. 1974) ("Leave to proceed in forma pauperis may be obtainable only upon submission by the party of an affidavit made as required by 28 U.S.C. § 1915]."); *accord, Bey v. Syracuse Univ.*, 155 F.R.D. 413, 414 (N.D.N.Y. May 1994) (Scullin, J.).

In this case, without an affidavit detailing the basis for plaintiff's claim that he is unable to pay the applicable filing fee, the court is unable to make a meaningful assessment of whether he should be granted IFP status. Accordingly, his IFP motion is denied without leave to refile with the requisite supporting documentation.

B. Plaintiff's Complaint

1. Standard of Review

Ordinarily, the denial of plaintiff's IFP application would end the court's discussion. Section 1915, however, authorizes the dismissal of the action *sua sponte*, "[n]otwithstanding any filing fee, or any portion thereof, that may been paid[.]" 28 U.S.C. § 1915(e).

Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity ... occurs where 'the claim is based

on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.' " *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory ... or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

**\*3** When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.' " *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2) ).

## 2. <u>Analysis</u>

As was noted above in part I. of this report, plaintiff's complaint is comprised of forty-one pages of incoherent prose. By way of one small example, in the section of the complaint intended to describe the "nature of the case," plaintiff alleges as follows:

> 14. Notice to the Court: My complaint against these Defendants as listed above hereafter tortfeasors:

> 15. For high crimes and Violation of U.S. Constitution and the Bill of rights the police officer tortfeasor a/k/a DELAWARE COUNTY TREASURER officer's order, and Illegal Tax Codes under color of law and the trespass on the holder in due course unalienable rights and private property ancestral land in the name Forfeiture of land under Tax Codes (18 U.S. Code § 242—Deprivation of rights under color of law)[.]

Dkt. No. 1 at 6 (errors in original). While the court has no reason to doubt that plaintiff's intentions in commencing this action are sincere, his complaint is nevertheless nonsensical by any objective measure and is not drafted in a manner that allows the court to meaningfully analyze any purported cause of action in accordance with 28 U.S.C. § 1915(e). Accordingly, I recommend the complaint be dismissed as frivolous. See Canning v. Hofmann, No. 15-CV-0493, 2015 WL 6690170, at *5 (N.D.N.Y. Nov. 2, 2015) (Hurd, J.) ("Under these circumstances, having found that none of the allegations in Plaintiff's meandering and indecipherable Complaint raise a cognizable cause of action, the Court concludes that the Complaint fails to state a claim upon which relief may be granted and is subject to dismissal."); see also Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) ("Dismissal [for failure to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure] ... is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.").

### C. <u>Whether to Permit Amendment</u>

**\*4** Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." Branum v. Clark, 927 F.2d 698, 704-05 (2d Cir. d1991); see also Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice

so requires."); see also Mathon v. Marine Midland Bank, N.A., 875 F. Supp. 986, 1003 (E.D.N.Y. 1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); see also Cortec Indus. Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend." Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993); accord, Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this case, due to the incomprehensible allegations in plaintiff's complaint, it is not clear whether better pleading would permit plaintiff to assert a cognizable cause of action. Nevertheless, out of deference to his *pro se* status, I recommend plaintiff be granted leave to amend his complaint.

If plaintiff chooses to avail himself of an opportunity to amend, such amended pleading must set forth a short and plain statement of the facts on which he relies to support any legal claims asserted. Fed. R. Civ. P. 8(a). In addition, the amended complaint must include allegations reflecting how the individuals named as defendants are involved in the allegedly unlawful activity. Finally, plaintiff is informed that any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. See Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks omitted) ).

## III. <u>SUMMARY, ORDER, AND RECOMMENDATION</u>
For the reasons set forth above, it is hereby

ORDERED that plaintiff's *in forma pauperis* application (Dkt. No. 2) is DENIED without prejudice. In the event this report is adopted and plaintiff is granted leave to amend his complaint, any amended complaint must be accompanied by either (1) the full filing fee or (2) a new request to proceed in this action without prepayment of the filing fees. Any new IFP

Gillich v. Shields, Not Reported in Fed. Supp. (2018)

Case 8:25-cv-00104-AJB-ML    Document 6    Filed 04/28/25    Page 27 of 46

application must be supported by appropriate documentation as described above in this report; and it is further respectfully

**\*5** RECOMMENDED that plaintiff's complaint (Dkt. No. 1) be DISMISSED, with leave to replead.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[3] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE

APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

The clerk is respectfully directed to serve a copy of this order, report, and recommendation on the *pro se* plaintiff in accordance with the court's local rules.

### All Citations

Not Reported in Fed. Supp., 2018 WL 2926299

---

### Footnotes

1    Despite plaintiff's claim to the contrary, only in a narrow set of civil cases (which are not applicable here) must litigants be permitted to access the court without prepayment of filing fees. *See, e.g., M.L.B. V. S.L.J.*, 519 U.S. 102, 113 (1996).

2    The language of that section is ambiguous because it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

3    If you are proceeding pro se and are served with this order, report, and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order, report, and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

---

**End of Document**                                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Case 8:25-cv-00104-AJB-ML    Document 6    Filed 04/28/25    Page 28 of 46

Gillich v. Shields, Not Reported in Fed. Supp. (2018)

2018 WL 2926302
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Richard GILLICH, Plaintiff,

v.

Beverly J. SHIELDS, Delaware
County Treasurer, et al., Defendants.

3:18-CV-0486 (MAD/DEP)
|
Signed 06/08/2018

**Attorneys and Law Firms**

RICHARD GILLICH, 22 Gregory Street, Danbury,
Connecticut 06811, pro se.

**ORDER**

Mae A. D'Agostino, U.S. District Judge:

**\*1** Plaintiff, Richard Gillich, commenced this action *pro se*
on April 9, 2018, against the Delaware County Treasurer, the
Delaware County Attorney, the assistant Delaware County
Attorneys, Delaware County, and the State of New York. *See*
Dkt. No. 1. Plaintiff asserts claims under United States Tort
Law and common law in response to Defendants' efforts to
foreclose on a property in which Plaintiff has an interest for
Plaintiff's non-payment of taxes. Plaintiff filed an application
to proceed *in forma pauperis. See* Dkt. No. 2.

On April 30, 2018, Magistrate Judge David E. Peebles issued
an Order, Report, and Recommendation denying Plaintiff's
IFP application with leave to refile and recommending that
Plaintiff's complaint be dismissed with leave to replead for
failure to state a claim.

A court may grant a motion to proceed *in forma pauperis*
("IFP") if the party is "unable to pay" the standard fee for
commencing an action. 28 U.S.C. § 1915(a)(1). When a
plaintiff seeks to proceed IFP, "the court shall dismiss the case
at any time if the court determines that ... the action or appeal
(i) is frivolous or malicious; (ii) fails to state a claim on which
relief may be granted; or (iii) seeks monetary relief against
a defendant who is immune from such relief." 28 U.S.C. §
1915(e)(2)(B). "Although, the court has the duty to show
liberality towards pro se litigants, ... there is a responsibility

on the court to determine that a claim has some arguable
basis in law before permitting a plaintiff to proceed with an
action in forma pauperis." *Moreman v. Douglas,* 848 F. Supp.
332, 333–34 (N.D.N.Y. 1994) (internal citations omitted); *see,
e.g., Thomas v. Scully,* 943 F.2d 259, 260 (2d Cir. 1991) (per
curiam) (holding that a district court has the power to dismiss
a complaint *sua sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a party need
only present a claim that is "plausible on its face." *Bell Atl.
Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has
facial plausibility when the plaintiff pleads factual content
that allows the court to draw the reasonable inference that
the defendant is liable for the misconduct alleged." *Ashcroft
v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted). While
Rule 8(a) of the Federal Rules of Civil Procedure, which
sets forth the general rules of pleading, "does not require
detailed factual allegations, ... it demands more than an
unadorned" recitation of the alleged misconduct. *Id.* (citations
and quotation omitted). In determining whether a complaint
states a claim upon which relief may be granted, "the court
must accept the material facts alleged in the complaint as
true and construe all reasonable inferences in the plaintiff's
favor." *Hernandez v. Coughlin,* 18 F.3d 133, 136 (2d Cir.
1994) (citation omitted). However, "the tenet that a court must
accept as true all of the allegations contained in a complaint
is inapplicable to legal conclusions." *Iqbal,* 556 U.S. at 678.
"Threadbare recitals of the elements of a cause of action,
supported by mere conclusory statements, do not suffice." *Id.*
(citation omitted).

**\*2** When a party files specific objections to a magistrate
judge's order and report-recommendation, the district court
"make[s] a *de novo* determination of those portions of the
report or specified proposed findings or recommendations to
which objection is made." 28 U.S.C. § 636(b)(1)(c) (2009).
However, "[g]eneral or conclusory objections, or objections
which merely recite the same arguments presented to the
magistrate judge, are reviewed for clear error." *O'Diah v.
Mawhir,* No. 9:08-CV-322, 2011 WL 933846, \*2 (N.D.N.Y.
Mar. 16, 2011) (citations and footnote omitted). After the
appropriate review, "the court may accept, reject, or modify,
in whole or in part, the findings or recommendations made by
the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

A litigant's failure to file objections to a magistrate judge's
report and recommendation, even when that litigant is
proceeding *pro se*, waives any challenge to the report on
appeal. *See Cephas v. Nash,* 328 F.3d 98, 107 (2d Cir.

Gillich v. Shields, Not Reported in Fed. Supp. (2018)

Case 8:25-cv-00104-AJB-ML    Document 6    Filed 04/28/25    Page 29 of 46

2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted) ). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having carefully reviewed the April 30, 2018 Order, Report, and Recommendation and the applicable law, the Court finds that Magistrate Judge Peebles correctly denied Plaintiff's motion for leave to proceed IFP and recommended that the Court should dismiss Plaintiff's complaint in its entirety. Magistrate Judge Peebles correctly determined that Plaintiff's complaint was too ambiguous and nonsensical to allow the Court to analyze any purported cause of action. Dkt. No. 6 at 9. Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991). Accordingly, the Court also adopts Magistrate Judge Peebles' recommendation that Plaintiff be permitted an opportunity to amend his complaint.

Although Plaintiff filed objections to Magistrate Judge Peebles' Order, Report, and Recommendation, these objections amount to little more than nonsense and recitals of the accusations levied in the complaint. *See* Dkt. No. 7. Plaintiff does not allege any facts in his objections that indicate any error on the part of Magistrate Judge Peebles in his Order, Report, and Recommendation, but instead merely protests the findings of law by restating allegations contained in his initial complaint. *Id.*

After carefully reviewing Magistrate Judge Peebles' Order, Report, and Recommendation, Plaintiff's submissions, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Peebles' Order, Report, and Recommendation is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's complaint is dismissed with leave to replead; and the Court further

 **\*3** **ORDERS** that Plaintiff shall file his amended complaint within **THIRTY (30) DAYS** of the filing date of this Order; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within thirty (30) days of this Order, the Clerk of the Court shall enter judgment in Defendants' favor without further order of this Court and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2018 WL 2926302

---

End of Document

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

2015 WL 6690170
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Erin CANNING, Plaintiff,
v.
Bruno HOFMANN and Bonnie Hofmann, Defendants.
Erin Canning, Plaintiff,
v.
John Canning and Judy Canning, Defendants.

Nos. 1:15–CV–0493, 1:15–CV–0895.
|
Signed Nov. 2, 2015.

**Attorneys and Law Firms**

Erin Canning, Saratoga Springs, NY, pro se.[1]

Hodgson, Russ Law Firm, Jeffrey T. Fiut, Esq., Michelle L. Merola, Esq., of Counsel, Buffalo, NY, for Defendants Bruno & Bonnie Hofmann.

No Appearances,[1] for Defendants John and Judy Canning.

***DECISION and ORDER***

DAVID N. HURD, District Judge.

**\*1** *Pro se* plaintiff Erin Canning brought an action against defendants Bruno and Bonnie Hofmann in case number 1:15–CV–0493 seeking relief pursuant to five separate federal statutes (the "Lead Case Complaint"). On May 29, 2015, defendants in the Lead Case filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* ECF No. 12. On July 22, 2015, plaintiff filed a separate action against John and Judy Canning in case number 1:15–CV0895 (the "Member Case Complaint"). On September 16, 2015, the Honorable Randolph F. Treece, United States Magistrate Judge, advised by Report–Recommendation that: (i) defendants' motion to dismiss the Lead Case Complaint be granted and (ii) plaintiffs member case complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). While plaintiff did not submit objections to the Report–Recommendation, on September 21, 2015, she filed a 112 page document entitled "Evidence Documents Enclosed and Update", which has been reviewed

and considered for the purposes of this Decision & Order. *See* ECF No. 37.

Based upon a de novo review of the portions of the Report–Recommendation to which plaintiff objected, the Report–Recommendation is accepted in whole. *See* 28 U.S.C. § 636(b)(1).

Therefore, it is ORDERED that:

1. Defendants' Motion to Dismiss the Lead Case Complaint (ECF No. 12) is **GRANTED;** and

2. Plaintiff's Member Case Complaint is **DISMISSED** without leave to amend forfailure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for lack of subject matter jurisdiction; and

3. The consolidated action is hereby closed without consideration of plaintiff's pending motion for injunctive relief (ECF No. 34), motion to expedite relief (ECF No. 39), motion to serve court marshall papers (ECF No. 40) and motion for bill payment (ECF No. 41), as such motions are moot and unnecessary; and it is further ordered that

4. The Clerk serve a copy of this Decision and Order upon plaintiff in accordance with the Local Rules.

The Clerk of the Court shall enter judgment and close this case.

IT IS SO ORDERED.

***REPORT–RECOMMENDATION and ORDER***

RANDOLPH F. TREECE, United States Magistrate Judge.

**I. BACKGROUND**

*Pro se* Plaintiff Erin Canning initially brought this action in the Southern District of New York. Dkt. No. 2, Compl. However, in reviewing the "difficult to understand" pleading, the Honorable Loretta A. Preska, Chief United States District Judge, *sua sponte* transferred the matter to this District, noting that none of the named Defendants are alleged to reside in the Southern District of New York and that the events purportedly giving rise to Plaintiff's claims occurred in Saratoga County, which is located in the Northern District of New York. Dkt.

No. 4. Subsequent to the transfer to this District, Defendants Bruno and Bonnie Hofmann waived service of the Complaint and, on May 29, 2015, filed a Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. Nos. 6 & 12. Plaintiff opposes that Motion, [2] Dkt. No. 15, and Defendants submitted a Reply thereto, Dkt. No. 17. Following these filings, the undersigned granted Plaintiff's request to proceed with this matter *in forma pauperis,* but, because Defendants had waived service, the Court did not direct the Marshal to effect service of process upon them. Dkt. No. 14, Text Order, dated June 3, 2015.

**\*2** Thereafter, on July 22, 2015, Plaintiff filed a separate action against John and Judy Canning; Plaintiff also sought permission to proceed with that matter *in forma pauperis.* Civ. No. 1:15–CV895 (DNH/RFT), Dkt. Nos. 1, Compl., & 2, Mot. Upon reviewing the pleading, the undersigned found that Plaintiff's two actions were sufficiently related, as defined by the District's General Order 12, and in the interest of judicial economy, consolidated the two cases. *Id.* at Dkt. No. 3. Because Plaintiff had already been granted permission to proceed *in forma pauperis* in the initial action, now deemed the Lead Case, the Court found Plaintiff's subsequent *in forma pauperis* motion to be unnecessary. On August 19, 2015, the Honorable David N. Hurd, United States District Judge, referred the case to this Court for an initial review and Report–Recommendation on the pending Motion to Dismiss, which the Court performs below. Dkt. No. 33.

## II. DISCUSSION

### A. Lead Case Against Bruno and Bonnie Hofmann

As noted above, Defendants Bruno and Bonnie Hofmann have moved to dismiss the Lead Complaint. Dkt. No. 12.

### 1. Motion to Dismiss Standard of Review

On a motion to dismiss, the allegations of the complaint must be accepted as true. *See Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). The trial court's function "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli,* 616 F.2d 636, 639 (2d Cir.1980). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to

support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (*overruled on other grounds by Davis v. Scherer,* 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984)).

"Generally, in determining a 12(b)(6) motion, the court may only consider those matters alleged in the complaint, documents attached to the complaint, ... matters to which the court may take judicial notice[,]" as well as documents incorporated by reference in the complaint. *Spence v. Senkowski,* 1997 WL 394667, at \*2 (N.D.N.Y. July 3, 1997) (citing *Kramer v. Time Warner Inc.,* 937 F.2d 767, 773 (2d Cir.1991)); *Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir.1991) (citing FED. R. CIV. P. 10(c)). Moreover, "even if not attached or incorporated by reference, a document 'upon which [the complaint] *solely* relies and which is *integral to the complaint* may be considered by the court in ruling on such a motion." *Roth v. Jennings,* 489 F.3d 499, 509 (2d Cir.2007) (quoting *Cortec Indus. ., Inc. v. Sum Holding L.P.,* 949 F.2d at 47). However, "even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document." *Faulkner v. Beer,* 463 F.3d 130, 134 (2d Cir.2006). "It must also be clear that there exists no material disputed issues of fact regarding the relevance of the document." *Id.*

**\*3** The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *See Retail Clerks Intern. Ass'n, Local 1625, AFL–CIO v. Schermerhorn,* 373 U.S. 746, 754, 83 S.Ct. 1461, 10 L.Ed.2d 678 (1963); *see also Arar v. Ashcroft,* 532 F.3d 157, 168 (2d Cir.2008). Nevertheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).

A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the plaintiff's complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal,* 556 U.S. at 697 (citing *Twombly* ). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. at

678. This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* In this respect, to survive dismissal, a plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.' " *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir.2007) (quoting *Bed All. Corp. v. Twombly,* 440 U.S. at 555). Thus, in spite of the deference the court is bound to give to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts [which he or she] has not alleged, or that the defendants have violated the ... laws in ways that have not been alleged." *Assoc. Gen. Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983). The process of determining whether a plaintiff has "nudged [his] claims ... across the line from conceivable to plausible," entails a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal,* 556 U.S. at 679–80.

With this standard in tow, we consider the plausibility of Plaintiff s Complaint.

### 2. Analysis

The Complaint against the Hofmanns in the Lead Case is, as Chief Judge Preska pointed out, difficult to understand. Canning's Complaint spans eighty-six pages. Dkt. No. 2, Lead Compl. The initial four pages consist of a *pro forma* complaint ostensibly used by the Southern District of New York for litigants seeking to bring a civil action. From there, the Complaint veers wildly with pages upon pages of medical records, financial account statements, invoices, and other documentation. Apparently, and as best as the Court can surmise, Plaintiff had resided in the Wellington Tower Condominiums, but after circulating a letter to the residents complaining of being harassed by the building superintendent she was removed from the residence. It appears that the residence was owned by Mr. Hofmann, who is possibly Plaintiff s step-father, yet, it is unclear the precise contours of the personal and/or business relationship between Plaintiff and Defendants. Following Plaintiff s "eviction" from the Wellington Tower Condominiums, she was placed in her the care of her father, John Canning, in the Capital District area.

**\*4** By her Complaint, Plaintiff seeks to bring the following five causes of action against the Defendants, for which she seeks compensatory damages and other forms of relief: (1) 42 U.S.C. § 1985(2); (2) 42 U.S.C. § 1985(3); (3) 42 U.S.C. § 2000aa–6; (4) 18 U.S.C. § 1201; and (5) 18 U.S.C. § 1503. As explained below, none of these purported causes of action are cognizable here.

#### a. *Section 1985* Claims

Section 1985 claims concern conspiracies to interfere with an individual's civil rights. The portions of the statute raised by Plaintiff are Sections 1985(2) and 1985(3); the former deals with a conspiracy to obstruct justice, while the latter concerns conspiracies to deprive persons of rights or privileges, neither of which are applicable in the instant case.

By its very terms, Section 1985(2) seeks to prevent instances where justice is obstructed in a federal court proceeding by way of witness or juror intimidation. *Haddle v. Garrison,* 525 U.S. 121, 125, 119 S.Ct. 489, 142 L.Ed.2d 502 (1998) ("The gist of the wrong at which § 1985(2) is directed is not deprivation of property, but intimidation or retaliation against witnesses in federal-court proceedings"). There are no allegations in the Complaint that lead the Court to infer that there was any pending federal court proceeding, that any witness or juror was intimidated, or that Plaintiff was in any way affected or injured. Thus, clearly there is no claim set forth in the Complaint for a violation of Section 1985(2).

To recover under Section 1985(3), a plaintiff must show the existence of (1) a conspiracy (2) meant to deprive a person or persons of the equal protection of the laws or privileges and immunities under the laws with (3) "an overt act in furtherance of the conspiracy[,] (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States[,]" and (5) "some racial or perhaps otherwise class-based, invidious discriminatory animus[.]" *Thomas v. Roach,* 165 F.3d 137, 146 (2d Cir.1999) (citations omitted). "In this context, 'classbased animus' encompasses only those groups with discrete and immutable characteristics such as race, national origin, and sex." *Martin v. New York State Dept. of Corr. Serv's.,* 115 F.Supp.2d 307, 316 (N.D.N.Y.2000) (citations omitted). Thus, to recover damages under § 1985, Plaintiff must allege facts from which purposeful discriminatory intent can be inferred. *Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania,* 458 U.S. 375, 390–91, 102 S.Ct. 3141, 73 L.Ed.2d 835 (1982) (cited in *Hill v. Philip Morris USA,* 2004 WL 1065548, at \*4 (S.D.N.Y. May 11, 2004)).

Again, there are no allegations in the Complaint which indicate that Plaintiff was the victim of such discrimination nor that the named Defendants conspired with the aim of discrimination.

Accordingly, the Court recommends that Defendants' Motion to Dismiss be **granted** as to Plaintiff's claims pursuant to 42 U.S.C. §§ 1985(2) and (3).

### b. *42 U.S.C. § 2000aa–6*

**\*5** Next, Plaintiff asserts that she brings a cause of action pursuant to 42 U.S.C. § 2000aa–6, which is a part of the Privacy Protection Act of 1980, 42 U.S.C. §§ 2000aa–2000aa–12 ("PPA"). The PPA pertains to conduct by governmental employees in connection with the investigation or prosecution of criminal offenses. *See* 42 U.S.C. 2000aa. "The PPA specifically provides that persons aggrieved under the PPA shall have a civil cause[ ] of action against the United States, against a State which has waived its sovereign immunity, or against any other governmental unit." *Makas v. New York State Dep't of Motor Vehicles,* 1998 WL 146251, at \*3 (N.D.N.Y. Mar.23, 1998) (citing 42 U.S.C. § 2000aa–6(a)(1)). Because this statue authorizes a claim against government officials, Plaintiff could not maintain a claim against the Hofmanns, who are private citizens. No where has Plaintiff alleged that she was the subject of a government search/seizure in connection with an investigation or prosecution of a criminal defense, nor how the Hofmanns participated in any way. Accordingly, we recommend that Defendants' Motion be **granted** and such claims be dismissed.

### c. *Title 18 Claims*

Turning next to Plaintiff's claims purportedly brought pursuant to 18 U.S.C. §§ 1201 and 1503, the Court notes that such Title concerns "Crimes and Criminal Procedure" and Plaintiff cannot bring a civil action to enforce criminal statutes. *See Leeke v. Timmerman,* 454 U.S. 83, 85, 102 S.Ct. 69, 70 L.Ed.2d 65 (1981) (noting that a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another); *Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 511 (2d Cir.1994) (noting that criminal statutes do not provide private causes of action). The two sections raised by Plaintiff concern the crimes of

kidnapping and obstruction of justice, neither of which allow for private causes of action. Accordingly, we recommend **granting** Defendants' Motion and dismissing such claims.

### 3. Conclusion on Lead Complaint

While the Court recognizes that Plaintiff is proceeding *pro se* and that this requires the Court to treat her pleadings with a certain degree of liberality, *Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 191 (2d Cir.2008), we nevertheless find, as explained above, that the Lead Complaint is wholly insufficient to state any plausible claim for relief or to allow any named Defendant to make a reasonable response. Under these circumstances, having found that none of the allegations in Plaintiff's meandering and indecipherable Complaint raise a cognizable cause of action, the Court concludes that the Complaint fails to state a claim upon which relief may be granted and is subject to dismissal. *See Ashcroft v. Iqbal,* 556 U.S. at 678 ("[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' ") (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. at 557).

### B. Member Case Against John and Judy Canning

**\*6** Next we turn to the civil action initiated by Plaintiff against John and Judy Canning. For this Member case, the Court has allowed Plaintiff to proceed *in forma pauperis* but has not yet reviewed the Complaint to ensure that a proper cause of action is stated. The Court engages in that *sua sponte* review below.

### 1. *Section 1915(e) Standard of Review*

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis,* "the court shall dismiss the case at any time if the court determines that ... the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v.*

*Kelly,* 912 F.2d 605, 606 (2d Cir.1990), and should exercise "extreme caution ... in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin,* 700 F.2d 37, 41 (2d Cir.1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Furthermore, Federal Rule of Civil Procedure 8 "demands more than an adorned, the-defendantunlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown,* 335 F. App'x 102, 104 (2d Cir.2009).

**\*7**  Furthermore, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a clam for relief shall contain, *inter alia,* "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz,* 1998 WL 832708, at \*1 (S.D.N.Y. Nov.30, 1998) (quoting *Powell v. Marine Midland Bank,* 162 F.R.D. 15, 16(N.D.N.Y.1995) (McAvoy) (other citations omitted)). Rule 8 also provides that a pleading must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction ...;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a).

Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in part:

**(b) Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence-and each defense other than a denial-must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).

The purpose of Rule 10 is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Sandler v. Capanna,* 1992 WL 392597, at \*3 (E.D. Pa. Dec. 17, 1992 (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure,* § 1323 at 735 (1990)).

A complaint that fails to comply with these Rules presents too heavy a burden for the defendant in shaping a comprehensive defense, provides no meaningful basis for a court to assess the sufficiency of a plaintiff's claims, and may properly be dismissed by the court. *Gonzales v. Wing,* 167 F.R.D. 352, 355 (N.D.N.Y.1996) (McAvoy). As the Second Circuit has stated, "[w]hen a complaint does not comply with the requirement that it be short and plain, the Court has the power, on its own initiative, ... to dismiss the complaint." *Salhuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988). "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligble that its true substance, if any, is well disguised." *Hudson v. Artuz,* 1998 WL 832708, at \*2 (internal quotation marks and citation omitted). In those cases in which the court dismisses a *pro se* complaint for failure to comply with these Rules, it should afford the plaintiff leave to amend the complaint to state a claim that is on its face nonfrivolous. *See Simmons v. Abruzzo,* 49 F.3d 83, 86–87 (2d Cir.1995).

### 2. Analysis

**\*8**  The Court first notes that Plaintiff's Complaint in the Member action is not in any acceptable form as proscribed by the Federal Rules of Civil Procedure and this District's Local Rules of Practice. *See* Member Case, 1:15–CV–895, Dkt. No. 1, Compl. The Complaint consists of thirteen typed pages of disjointed narrative and conclusory accusations. Therein, Plaintiff recounts a history of her dealings with her mother and stepfather (Hofmann Defendants) and with her father and stepmother (Canning Defendants). Plaintiff recounts the confrontation with the Hofmann Defendants wherein she was evicted from her residence in Wellington Tower, but this time accuses the Canning Defendants of colluding with the Hofmann Defendants in order to intimidate Plaintiff and gain control of her possessions. It seems that for much of the pleading, Plaintiff is airing her personal family gripes as to the Cannings and the Hofmanns.

According to the Member Complaint, Plaintiff brings forth claims against the Cannings for violations of various criminal statutes under Title 18 of the United States Code, New York State Penal Code, as well as for violations of her rights guaranteed by the First and Fourteenth Amendment, and by the Disability Civil Rights Act of 1964. In terms of relief, Plaintiff seeks a slew of injunctive relief, and has also filed a separate Motion in the Lead case seeking injunctive relief.

### a. Criminal Statutes

As with her claims in the Lead action, Plaintiff cannot maintain any civil cause of action pursuant to the criminal statutes listed in Title 18 of the United States Code. Thus, for the reasons stated above (*see supra* Part II.A.2.c), the Court recommends dismissing that portion of the Member Complaint that purports to bring a civil action under the United States criminal statutes: 18 U.S.C. §§ 241, 249, and 2261 A. Similarly, there is no civil cause of action recognized in 19 U.S.C. § 1592, which deals with penalties for fraud, gross negligence, and negligence in the context of customs duties and smuggling goods into the United States. By its very terms, the statute authorizes, *inter alia,* the United States Custom Service to pursue violations of the statute and assess any penalties. 19 U.S.C. § 1592(b)(1) & (2). It is entirely unclear why Plaintiff is seeking to invoke this statute and what, if any, facts alleged would give rise to the involvement

of the Customs Service, thus this claim should be dismissed. And lastly, the Court notes that Plaintiff cannot pursue a civil action against private individuals under New York's Penal Law § 135.65, entitled Coercion in the First Degree, nor under § 135.00, entitled Unlawful Imprisonment, Kidnapping, and Custodial Interference; Definitions of Terms. As with the United States criminal statutes, State criminal statutes cannot be enforced by private citizens through a civil action, thus we would recommend dismissal of such claim.

### b. Constitutional Violations

Plaintiff asserts that the Canning Defendants violated her rights secured by the United States Constitution under Amendments One and Fourteen. Presumably the, Plaintiff seeks to bring a cause of action pursuant to 42 U.S.C. § 1983, which establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States **by a person acting under color of state law.** *Wilder v. Virginia Hosp. Ass'n,* 496 U.S. 498, 508, 110 S.Ct. 2510, 110 L.Ed.2d 455 (1990) (quoting 42 U.S.C. § 1983); *see also Myers v. Wollowitz,* 1995 WL 236245, at *2 (N.D.N.Y. Apr.10, 1995) (Section 1983 "is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights"). State action is an essential element of any § 1983 claim. *See Gentile v. Republic Tobacco Co.,* 1995 WL 743719, at *2 (N.D.N.Y. Dec.6, 1995) (citing *Velaire v. City of Schenectady,* 862 F.Supp. 774, 776 (N.D.N.Y.1994) (citation omitted). Traditionally, the definition of acting under color of state law requires that the Section 1983 defendant "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Kern v. City of Rochester,* 93 F.3d 38, 43 (2d Cir.1996) (quoting *West v. Atkins,* 487 U.S. 42, 49, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) (internal quotation marks and citation omitted)).

**\*9**  There are no allegations in the Member Complaint which would allow this Court to reasonably infer that the Canning Defendants acted, if at all, under the authority of state law. Thus, to the extent Plaintiff is attempting to assert constitutional violations against the Canning Defendants, such claim must fail.

### c. Disability Civil Rights Act of 1964

And, finally, with regard to Plaintiff's passing reference to violations under the "Disability Civil Rights Act of 1964 Disability Act of 1990", it appears to the Court that Plaintiff may be attempting to bring a claim under the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq.*, although it is entirely unclear to the Court under which section of that Act she seeks to pursue. Title II of the ADA provides, in pertinent part, that

> [n]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132.

The term "public entity" is defined to include "any department, agency, special purpose district, or other instrumentality of a State or States or local government[.]" 42 U.S.C. § 12131(1)(B). To state a claim under Title II of the ADA, a plaintiff must allege "that (1) he or she is a qualified individual with a disability; (2) ... the defendants are subject to the ADA; and (3) ... plaintiff was denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or was otherwise discriminated against by defendants, by reason of plaintiff's disabilities." *Shomo v. City of New York,* 579 F.3d 176, 185 (2d Cir.2009) (internal quotation marks and alterations omitted).
No where in the Complaint can the Court find any allegations indicating that Plaintiff suffers from a disability, as defined by that Act, or that Defendants were subject to the Act. Indeed, Plaintiff spends a considerable amount of time decrying Defendant John Canning for suggesting that she is mentally infirm. Accordingly, the Court recommends that such claim also be dismissed.

### 3. Diversity Jurisdiction

Plaintiff alleges certain factual allegations that suggest that she is suing the Canning Defendants for State law torts, such as fraud or defamation. Having reviewed Plaintiff's

Member Complaint and finding that it fails to raise any federal question causes of action, the Court, in consideration of Plaintiff's *pro se* status, will assess whether there is an additional basis for the Court's jurisdiction over this matter, namely-diversity jurisdiction. *See City of Kenosha, Wisconsin v. Bruno,* 412 U.S. 507, 512, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973) (noting that a federal court, whether trial or appellate, is obligated to notice on its own motion the basis for its own jurisdiction) *see also Alliance of Am. Ins. v. Cuomo,* 854 F.2d 591, 605 (2d Cir.1988) (challenge to subject matter jurisdiction cannot be waived); FED.R.CIV.P. 12(h)(3) (court may raise basis of its jurisdiction *sua sponte* ). When subject matter jurisdiction is lacking, dismissal is mandatory. *United States v. Griffin,* 303 U.S. 226, 229, 58 S.Ct. 601, 82 L.Ed. 764 (1938); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). The party seeking to invoke the court's jurisdiction bears the burden of "demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co., Inc. v. SCS Commc'n, Inc.,* 251 F.3d 315, 322–23 (2d Cir.2001) (citations omitted).

**\*10** For diversity jurisdiction to exist, the matter in controversy must exceed $75,000 and must be between

> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a).

For diversity jurisdiction purposes, an individual's citizenship is the individual's domicile, which is determined on the basis of two elements: "(1) physical presence in a state and (2) the intent to make the state a home." *See Zimak Co. v. Kaplan,* 1999 WL 38256, at *2 (S.D.N.Y. Jan.28, 1999) (quoting 15 James Wm. Moore et al., Moore's Federal Practice ¶ 102.34[2] (3d ed.1998)).
It appears that the Plaintiff, Defendant John Canning, and Defendant Judy Canning all reside in New York State. As such, we do not have complete diversity because the Defendants are citizens of the same State as Plaintiff. *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68, 117 S.Ct. 467, 136

L.Ed.2d 437 (1996) (noting that the diversity statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). Because Plaintiff has failed to establish the basis for the Court's subject matter jurisdiction, dismissal is mandated.

### III. CONCLUSION

As explained above, the Court has reviewed both the Lead and Member Complaints and find that Plaintiff has failed to state a claim upon which relief could be granted and is subject to dismissal. *See Ashcroft v. Iqbal,* 556 U.S. at 678 ("[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' ") (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. at 557). Under such circumstances, the Court would normally grant a *pro se* litigant, such as Plaintiff, an opportunity to amend the Complaint in order to avoid dismissal. *Thompson v. Carter,* 284 F.3d 411, 416 (2d Cir.2002). However, such measures are not warranted here because, as explained above, any amendment would be futile. *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir.2000) (dismissal is appropriate where leave to amend would be futile).

Because the Court recommends dismissal of the entire action, consideration of Plaintiff's Motion for Injunctive Relief (Dkt. No. 34) is unnecessary.

For the reasons stated herein, it is hereby

**RECOMMENDED,** that Defendants' Motion to Dismiss the Lead Complaint (Dkt. No. 12) be **GRANTED** and the matter be dismissed; and it is further

**RECOMMENDED,** that Plaintiff's Member Complaint be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2) (B)(ii) and for lack of subject matter jurisdiction; and it is further

**RECOMMENDED,** that if the District Court adopts the above recommendations, the entire consolidated action be closed without consideration of Plaintiff's pending Motion for Injunctive Relief (Dkt. No. 34); and it is further

 **\*11 ORDERED,** that the Clerk of the Court serve a copy of this Report–Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such obj ections shall be filed with the Clerk of the Court. *FAILURE TO OBJECT TO THIS REPORT WTTHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW. Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993) (citing *Small v. Sec'y of Health and Human Serv's.,* 892 F.2d 15 (2d Cir.1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Filed Sept. 16, 2015.

**All Citations**

Not Reported in F.Supp.3d, 2015 WL 6690170

---

### Footnotes

1    Defendants John and Judy Canning have not yet been served in this matter and, therefore, have not appeared.

1    Defendants John and Judy Canning have not yet been served in this matter.

2    Plaintiff submitted multiple filings seemingly in support of her opposition to the Hofmanns' dispositive motion. *See* Dkt. Nos. 15, Pl.'s Resp., dated June 5, 2015; 18, Lt., dated June 25, 2015; 23, Supp. Resp., undated, unsigned; & 32, Supp. Resp., undated. The Court has taken into consideration Plaintiff's *pro se* status, and has reviewed all the submissions provided by Plaintiff. The Court notes, however, that in accordance with the standard applicable when reviewing a Motion to Dismiss, the Court will not consider any document that was not originally included nor referenced in the original complaint. Nor, in light of its incognizable format, will

the Court construe any subsequent filing to be an amended complaint nor an attempt to amend the operative pleading.

---

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

---

2010 WL 3842011
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial
staff and not assigned editorial enhancements.**

United States District Court,
E.D. New York.

Isaac RUBIN, Plaintiff,
v.
NEW YORK STATE DEPARTMENT
OF MOTOR VEHICLES, Defendant.

No. 10–CV–4119 (NGG).
|
Sept. 28, 2010.

**Attorneys and Law Firms**

Isaac Rubin, Brooklyn, NY, pro se.

**MEMORANDUM & ORDER**

NICHOLAS G. GARAUFIS, District Judge.

**\*1** *Pro se* Plaintiff Isaac Rubin brings this action pursuant
to 42 U.S.C. § 1983 against the New York State Department
of Motor Vehicles ("DMV"). Plaintiff's request to proceed *in
forma pauperis* pursuant to 28 U.S.C. § 1915 is granted for the
limited purpose of this Order. For the reasons set forth below,
the action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I. BACKGROUND**

The basis for Plaintiff's claim is unclear from the face of the
Complaint. (Docket Entry # 1 ("Compl.").) The Complaint
levels a variety of enigmatic accusations against the DMV.
For example, Plaintiff states: "..For They have erected a
Multitude of new offices and sent/d hither swarms of officers
to harass the people & eat out of their substance!" (Compl.
at 3 (so in original).) The closest Plaintiff comes to hinting
at the nature of his claim is his statement that "the N.Y.
State. Dept. Of Motor Vehicle, attempting to wrongfully
suspended my *Valid* Florida License for 'failing to respond to
a summons.' " (Compl. at 2 (so in original).) [1] Plaintiff quotes
the texts of the Fourth, Fifth, Sixth, and Eighth Amendments,
cites 42 U.S.C. § 1983, and further alleges that "Defendants,
by their actions and/or omissions willfully and maliciously

denied the plaintiff life, liberty and pursuit of happiness,
without due process & without probable cause!" (Compl.
at 1, 3–4.) Multiple exhibits are attached to the Complaint,
including several documents from the DMV relating to traffic
infractions in 2006 and 2008. Plaintiff seeks $5,000,000 in
"compensatory, consequential and punitive damages," and
asks this court to "[v]acate and [d]ismiss the State of New
York's wrongful Order of Suspension." (Compl. at 4.)

**II. DISCUSSION**

**A. Standard of Review**

In reviewing the Complaint the court is mindful that Plaintiff
is proceeding *pro se* and that "a *pro se* complaint, however
inartfully pleaded, must be held to less stringent standards
than formal pleadings drafted by lawyers." *Erickson v.
Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081
(2007) (citation omitted); *see also Sealed Plaintiff v. Sealed
Defendant,* 537 F.3d 185, 191 (2d Cir.2008). If a liberal
reading of the complaint "gives any indication that a valid
claim might be stated," this Court must grant leave to amend
the complaint. *See Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d
Cir.2000); *Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 795
(2d Cir.1999). However, pursuant to the *in forma pauperis*
statute, the Court must dismiss a complaint, or any portion
thereof, if it determines that the action is "(i) frivolous or
malicious; (ii) fails to state a claim upon which relief may be
granted; or (iii) seeks monetary relief from a defendant who
is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**B. The DMV is Immune from Suit under the Eleventh
Amendment**

Plaintiff's claims against the DMV are frivolous and must be
dismissed because states and their agencies are immune from
suit under the Eleventh Amendment. *See Pennhurst State
School & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct.
900, 79 L.Ed.2d 67 (1984). The Eleventh Amendment bars
suits against states, their agencies whether the Plaintiff seeks
relief at law or in equity, absent the state's consent to suit or an
express or statutory waiver of immunity. *Id.* at 99–102; *Board
of Trustees of Univ. of Alabama v. Garrett,* 531 U.S. 356, 363,
121 S.Ct. 955, 148 L.Ed.2d 866 (2001) ("The ultimate guaran
tee of the Eleventh Amendment is that nonconsenting States
may not be sued by private individuals in federal court."). 
Since the DMV is a New York State agency and state agencies
are protected under the Eleventh Amendment from claims for
monetary and equitable relief, Plaintiff's claims are clearly

merit less and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

### C. The DMV is Not a "Person" within the Meaning of § 1983

**\*2** Moreover, insofar as Plaintiff's claim is brought under 42 U.S.C. § 1983, Plaintiff has clearly failed to state a claim for which relief may be granted. Section 1983 provides a cause of action against "[e]very person" who, under color of state law, deprives a citizen of the United States of "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The Supreme Court has determined, however, that states and state agencies are not "persons" subject to suit under § 1983. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 63–66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Accordingly, Plaintiff can allege no facts which would entitle him to the relief he seeks under § 1983, and his claim is clearly frivolous. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

### III. CONCLUSION

For the reasons stated above, the court finds that the Defendant is immune from suit under the Eleventh Amendment and is not a person subject to suit under § 1983, the cause of action on which Plaintiff's claim relies. Accordingly, this action is hereby dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States,* 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

SO ORDERED.

### All Citations

Not Reported in F.Supp.2d, 2010 WL 3842011

---

## Footnotes

1    As the pages of the Complaint are not numbered, the court refers to the page numbers assigned by the Electronic Case Filing System.

---

**End of Document**                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Brown v. Peters, Not Reported in F.Supp. (1997)

Case 8:25-cv-00104-AJB-ML    Document 6    Filed 04/28/25    Page 41 of 46

1997 WL 599355
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Kenneth BROWN, Plaintiff,

v.

Andrew PETERS, Warden, Watertown Correctional
Facility; Joseph Williams, Warden, Lincoln Work–
Release Center; Francis J. Herman, Senior Parole
Officer Interstate Bureau; T. Stanford, Senior Parole
Officer; Deborah Stewart, Parole Officer; John Doe #
1, Parole Agent, Watertown Correctional Facility; John
Doe # 2, Parole Agent, Lincoln Work Release Center;
Susan Bishop, Director of Interstate Compact, South
Carolina; Cecil Magee, Parole Officer, South Carolina;
Frank Barton, Parole Officer, South Carolina; John
McMahan, Parole Officer, South Carolina, Defendants.

No. Civ.A. 95CV1641RSPDS.
|
Sept. 22, 1997.

## Attorneys and Law Firms

Kenneth Brown, State Court Institute–Greene, Waynesburg,
PA, plaintiff, pro se.

Dennis C. Vacco, New York State Attorney General, The
Capitol Albany, NY, for defendants Peters, Herman Stewart,
Doe # 1, Doe # 2, and Williams, Jeffrey M. Dvorin, Assistant
Attorney General, Carl N. Lundberg, Chief Legal Counsel,
South Carolina Department of Probation, Columbia, SC, for
defendants Bishop, Magee, Barton, McMahan, and Stanford,
Carl N. Lundberg, of Counsel.

## DECISION AND ORDER

POOLER, J.

**\*1** The above matter comes to me following a Report–
Recommendation by Magistrate Judge Daniel Scanlon, Jr.,
duly filed on April 17, 1997. Following ten days from the
service thereof, the Clerk has sent me the entire file, including
any and all objections filed by the parties herein.

Plaintiff Kenneth Brown commenced this Section 1983 civil
rights action on November 17, 1995. On February 12,

1996, Magistrate Judge Scanlon ordered Brown to submit an
amended complaint alleging the specific acts committed by
the individuals named as defendants which Brown claimed
violated his constitutional rights. Brown filed an amended
complaint on March 21, 1996. In his amended complaint,
Brown alleged that defendants violated his rights under the
Eighth and Fourteenth Amendments by failing to process
properly his interstate compact paperwork, resulting in Brown
being imprisoned pursuant to a parole hold when in fact
he had never violated the conditions of his parole. For a
more complete statement of Brown's claims, see his amended
complaint. Dkt. No. 5.

On August 5, 1996, defendants Peters and Williams made
a motion to dismiss for failure to state a claim pursuant to
Fed.R.Civ.P. 12(b)(6). Dkt. No. 13; Dkt. No. 14, at 2. On
August 19, 1996, defendants Bishop, Magee, Barton, and
McMahan made a motion to dismiss the complaint against
them or, in the alternative, for summary judgment. Dkt. No.
20. On October 17, 1996, defendants Herman, Stewart, and
Stanford made a motion to dismiss for failure to state a
claim. Dkt. No 34. On April 17, 1996, Magistrate Judge
Scanlon recommended that all defendants' motions to dismiss
be granted and that the complaint be dismissed. Dkt. No. 50.

On June 9, 1997, Brown filed objections to the
magistrate judge's report-recommendation, having been
granted additional time in which to do so. Dkt. No. 52. In
addition, Brown filed on June 9, 1997, a motion for leave to
file a second amended complaint and a copy of his proposed
amended complaint. Dkt. No. 53. I turn first to the last motion
filed, Brown's motion for leave to amend his complaint a
second time.

Brown seeks to file a second amended complaint "setting
forth in detail the personal involvement of each defendant
and how their acts of commission and omission served to
deprive plaintiff of Constitutionally secured rights." Dkt. No.
53. The district court has discretion whether to grant leave
to amend. *Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129,
131 (2d Cir.1993). In exercising that discretion, the court
should freely grant leave to amend when justice so requires.
Fed.R.Civ.P. 15(a). However, the court need not grant leave
to amend where it appears that amendment would prove to be
unproductive or futile. *Ruffolo,* 987 F.2d at 131.

Here, Brown moved to amend his complaint to add additional
allegations against the named defendants. However, the
additional allegations fail to cure the deficiency which

Brown v. Peters, Not Reported in F.Supp. (1997)

Case 8:25-cv-00104-AJB-ML    Document 6    Filed 04/28/25    Page 42 of 46

forms the basis of defendants' motion to dismiss—the absence of defendants' personal involvement in a constitutional deprivation. Section 1983 imposes liability upon an individual only when personal involvement of that individual subjects a person to deprivation of a federal right. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A complaint is fatally defective if it fails to allege personal involvement sufficient to establish that a supervisor was "directly and personally responsible for the purported unlawful conduct." *Alfaro Motors, Inc. v. Ward,* 814 F.2d 883, 886 (2d Cir.1987).

**\*2** Brown's proposed amended complaint alleges in conclusory fashion that defendants acted "in a grossly negligent and concerted manner which breached their duties owed to Plaintiff and is the proximate cause of [the violation of plaintiff's constitutional rights]." Proposed Am. Compl., at 3. Brown continues in the same vein, stating that defendants owed duties to plaintiff to carry out their jobs in a professional manner and they failed to carry out those duties appropriately. The complaint states that defendants held specific responsibilities, such as checking for outstanding warrants, which if performed properly should have alerted them to a problem. However, nowhere does the complaint set forth allegations that these defendants either participated directly in any constitutional infraction or that they were even aware of such an infraction. The proposed amended complaint merely alleges that these defendants failed in performing their supervisory and ministerial functions. "These bare assertions do not state a claim under 42 U.S.C. § 1983." *Smiley v. Davis,* 1988 WL 78306, \*2 (S.D.N.Y.).

This plaintiff previously has had the opportunity to amend his complaint for the same reason asserted here, to allege personal involvement on the part of defendants. Brown's first amended complaint failed to accomplish that task, and it appears that even if allowed to amend again Brown would be unable to make the requisite allegations with sufficient specificity to sustain his complaint. Consequently, I find that amendment would be futile, and I deny Brown's motion for leave to amend his complaint.

I turn now to the magistrate judge's report-recommendation and defendants' motions. The magistrate judge recommends that I grant defendants' motions and dismiss the complaint as to all defendants. The report-recommendation clearly describes the grounds on which the magistrate judge recommends dismissal as to each defendant. Fed.R.Civ.P. 72(b) requires the district judge to make a *de novo*

determination on "any portion of the magistrate's disposition to which specific, written objection has been made." Brown's objections fail to address directly any of the analysis. Brown's objections state (1) that he has been deprived of his constitutional rights; (2) that he has stated a cause of action; (3) that the court wrongly refused to appoint an attorney for him and wrongly stayed discovery pending the outcome of these motions; (4) that he seeks to file an amended complaint; (5) the standard of review for a Fed.R.Civ.P. 12(b)(6) motion; (6) that he disagrees with the magistrate judge's recommendation to grant defendants' motions because the allegations in his complaint, which he repeats, show that his rights were violated; and (7) the text of the Fourteenth and Eighth Amendments.

Even affording the objections the liberal reading required for *pro se* pleadings, I find that these objections fail to state any basis whatsoever, much less a specific one, for the court not to adopt the magistrate judge's rulings. They simply re-state the relief sought and the facts on which Brown grounds his complaint and conclude that the magistrate judge's conclusions are wrong. When the parties make only frivolous, conclusive, or general objections, the court reviews the report-recommendation for clear error. *See Camardo v. General Motors Hourly–Rate Employees Pension Plan,* 806 F.Supp. 380, 382 (W.D.N.Y.1992) (court need not consider objections which are frivolous, conclusive, or general and constitute a rehashing of the same arguments and positions taken in original pleadings); *Chambray v. Leonardo,* 1991 WL 44838, \*1 (S.D.N.Y.) (restatement of allegations already before the court and assertion that valid constitutional claim exists insufficient to form specific objections); *Schoolfield v. Dep't of Correction,* 1994 WL 119740, \*2 (S.D.N.Y.) (objections stating that magistrate judge's decisions are wrong and unjust, and restating relief sought and facts upon which complaint grounded, are conclusory and do not form specific basis for not adopting report-recommendation); *Vargas v. Keane,* 1994 WL 693885, \*1 (S.D.N.Y.) (general objection that report does not address violation of petitioner's constitutional rights is a general plea that report not be adopted and cannot be treated as objection within the meaning of 28 U.S.C. § 636), *aff'd,* 86 F.3d 1273 (2d Cir.), *cert. denied,* 519 U.S. 895, 117 S.Ct. 240, 136 L.Ed.2d 169 (U.S.1996). *See also Scipio v. Keane,* 1997 WL 375601, \*1 (1997) (when objections fail to address analysis directly, court reviews report-recommendation for clear error); Fed.R.Civ.P. 72(b), Advisory Comm. Note (when no specific, written objections filed, "court need only satisfy itself that there is

Brown v. Peters, Not Reported in F.Supp. (1997)

Case 8:25-cv-00104-AJB-ML    Document 6    Filed 04/28/25    Page 43 of 46

no clear error on the face of the record in order to accept the recommendation").

 **\*3** Because Brown fails to make specific objections or provide any basis for his general objections, I review the report-recommendation for clear error. After careful review, I conclude that the magistrate judge's report-recommendation is well-reasoned and is not clearly erroneous. [1] The magistrate judge employed the proper standard, accurately recited the facts, and reasonably applied the law to those facts. Consequently, I adopt the report-recommendation.

CONCLUSION

Because plaintiff's proposed amendment demonstrates that amendment would be futile, I deny plaintiff's motion for leave to amend his complaint. I approve the magistrate judge's recommendation and grant defendants' motions to dismiss. Plaintiff's complaint is dismissed in its entirety.

IT IS SO ORDERED.

**ORDER and REPORT–RECOMMENDATION**

This matter was referred to the undersigned for report and recommendation by the Hon. Rosemary S. Pooler, United States District Judge, by Standing Order dated November 12, 1986. Currently before this Court are a number of motions. Defendants Peters and Williams have filed a motion to dismiss (dkt.13); defendants Bishop, Magee, Barton and McMahan have filed a motion for summary judgment, or in the alternative to dismiss (dkt.20); and defendants Herman, Stewart and Stanford also have filed a motion to dismiss (dkt.34). Plaintiff opposes these three motions (dkts.27, 29, 33, 38). Defendants Bishop, Magee and McMahan have filed a motion to stay discovery (dkt.41) and plaintiff has filed a motion to extend time (dkt.44) in which to file opposition to the latter motion for a stay of discovery.

The Court addresses these issues *seriatim.*

**BACKGROUND**

Plaintiff's amended complaint, which he has brought pursuant to 42 U.S.C. § 1983, alleges the following facts. In October, 1991, plaintiff was incarcerated in the Watertown Correctional Facility in Watertown, New York. He applied for an interstate compact because he wanted to return to South Carolina to live with his common law wife, Pamela Reid. During the application process, he was interviewed by the facility's parole officer, identified only as defendant John Doe # 1. After signing the necessary papers, his application was forwarded to defendant Andrew Peters, the facility's superintendent, who reviewed, signed and forwarded the papers to the Interstate Bureau. Amend. Compl. at ¶¶ 1–2; Exs. A, B.

On or about January 15, 1992, while his compact was waiting for review at the Interstate Bureau, plaintiff was approved for work release and sent to the Lincoln Work Release Center in New York City. While at the center, plaintiff spoke to a parole officer, defendant John Doe # 2, and told him that he was seeking a compact that would return him to South Carolina upon his conditional release. Plaintiff claims the parole officer told him that he would handle the necessary paperwork, although the officer had had no experience with an interstate compact. Amend. Compl. at ¶¶ 3, 4.

 **\*4** Plaintiff, meanwhile, asked Reid whether any officials had contacted her in South Carolina regarding his prospective residence in that state. Upon discovering no one had contacted her, plaintiff asked a lawyer he knew, Navron Ponds, to inquire as to his compact status. In March, 1992, the lawyer spoke with defendant Susan Bishop, who is the director of the interstate compact program in South Carolina. Bishop allegedly told Ponds that plaintiff "was disapproved because there was a discrepancy about approving plaintiff['s] compact." The "discrepancy" was the fact that plaintiff owed the state of South Carolina eighty-six days of confinement from a previous sentence. Plaintiff claims Bishop told Ponds to contact defendants Cecil Magee and Frank Barton, who worked for the South Carolina Parole Department. Sometime in March, 1992, Ponds made some calls to Barton and Magee. A verbal agreement was reached, and plaintiff, upon speaking with Barton and Magee was told that his compact had been approved. He also was told that he should report to the South Carolina Department of Parole upon being released. Amend. Compl. at ¶¶ 5–7.

Prior to leaving the Lincoln Work Release Center, plaintiff processed paperwork related to his interstate compact. His paperwork was sent by Doe # 2 to defendant Joseph Williams, the superintendent of the center. Williams reviewed, signed and returned the paperwork to plaintiff. On May 1, 1992,

**Brown v. Peters, Not Reported in F.Supp. (1997)**

upon his release from the center, plaintiff traveled to South Carolina. Three days later, he entered a South Carolina parole office and promptly was arrested because of the eighty-six days of confinement that he owed the state. Plaintiff's paperwork was given to defendant John McMahan, a parole officer. Plaintiff claims that McMahan never returned this paperwork to him. On May 20, 1992, the state of South Carolina revoked plaintiff's parole and plaintiff was returned to prison to serve the eighty-six days that he owed. When he asked McMahan what would happen to his one year of parole from New York, the officer allegedly told him that his New York parole would run concurrently with his South Carolina parole, and that when he finished his South Carolina parole, he would not owe any parole whatsoever. Plaintiff served the eighty-six days he owed and was released on July 31, 1992. Amend. Compl. at ¶¶ 8–10.

In February, 1993, plaintiff was arrested on robbery charges in South Carolina. The charges ultimately were dropped, but he apparently encountered some difficulties regarding this arrest as a result of a parole hold that New York state had placed upon him. Bishop's office told him that it had nothing to do with his parole hold and that any problem that he had was between him and the state of New York. He talked to authorities in Albany, New York regarding the parole hold, but was not successful in his efforts to have the hold removed. On September 30, 1993, after had been extradited to New York as a fugitive from justice, plaintiff was given a preliminary hearing at Riker's Island, New York. The hearing officer found no probable cause that plaintiff had violated any condition of parole. He was released. Amend. Compl. at ¶¶ 11–14; Exs. C–J.

**\*5** Plaintiff claims that he would not have suffered hardships if his interstate compact had been handled correctly. He alleges that defendant Deborah Stewart failed to follow up and see whether plaintiff had arrived in South Carolina. If she had, he argues, she would have discovered that he had been arrested upon his arrival. He alleges that defendant Francis Herman, a parole officer at the Interstate Bureau failed to do his job by not investigating plaintiff's violation reports. Amend. Compl. at ¶¶ 15–17; Exs. F–I.

Plaintiff asserts that the foregoing amounts violations of his Eighth and Fourteenth Amendment rights, wherefore he both compensatory and declaratory relief.

## DISCUSSION

A. Motion to Dismiss by Williams and Peters.

Williams and Peters have filed a motion to dismiss plaintiff's complaint pursuant to FED.R.CIV.P. 12(b)(6) on the grounds that it fails to state a claim upon which relief may be granted. In a Rule 12(b)(6) motion, all factual allegations in the complaint must be taken and construed in plaintiff's favor. *See LaBounty v. Adler,* 933 F.2d 121, 122 (2d Cir.1991) (citing *Ortiz v. Cornette,* 867 F.2d 146, 149 (1989)). The Court's role is not to assess whether plaintiffs have raised questions of fact or demonstrated an entitlement to a judgment as a matter of law, as in a motion made pursuant to FED.R.CIV.P. 56 for summary judgment, but rather to determine whether plaintiff's complaint sufficiently alleges all of the necessary legal elements to state a claim under the law. *See Christopher v. Laidlaw Transit, Inc.* 899 F.Supp. 1224, 1226 (S.D.N.Y.1995), (citing *Ricciuti v. New York City Transit Authority,* 941 F.2d 119, 124 (2d Cir.1991)). Factual allegations in brief or memoranda may not be considered. *Fonte v. Board of Managers of Continental Towers Condominium,* 848 F.2d 24, 25 (2d Cir.1988). The Court now turns to the issues presented.

Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983. *Wright v. Smith,* 21 F.3d 496, 501 (2d Cir.1994). As superintendents at New York State Correctional facilities, Williams and Peter may be found personally involved in the alleged deprivation of plaintiff's constitutionally protected rights by a showing that they: (1) directly participated in the infraction; (2) knew of the infraction, but failed to remedy the wrong; (3) created or continued a policy or custom under which unconstitutional practices occurred; or (4) were grossly negligent in managing subordinates who caused unlawful conditions or events. *Id.,* (quoting *Williams v. Smith,* 781 F.2d 319, 323–24 (2d Cir.1986)). Supervisory liability also may be imposed against Williams or Peters with a showing of gross negligence or deliberate indifference to plaintiff's constitutional rights. *Id.* Absent some personal involvement by Williams or Peters in the allegedly constitutionally infirm conduct of their subordinates, neither can be held liable under § 1983. *Gill v. Mooney,* 824 F.2d 192, 196 (2d Cir.1987).

**\*6** Plaintiff has not provided any evidence linking either Williams or Peters to his alleged constitutional deprivations. All that plaintiff has alleged is that Williams and Peters, as superintendents, have reviewed and signed paperwork

**Brown v. Peters, Not Reported in F.Supp. (1997)**

Case 8:25-cv-00104-AJB-ML   Document 6   Filed 04/28/25   Page 45 of 46

relating to plaintiff's compact. Though it has long been held that *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" for the purpose of a motion to dismiss under Rule 12(b)(6), *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972), plaintiff has not explained how the ministerial conduct of these two defendants was violative of the Constitution. Their motion to dimiss should be granted.

**B. Motion for Summary Judgment or to Dismiss by Bishop, Magee, Barton and McMahan.**

Bishop, Magee, Barton and McMahan have filed a motion for summary judgment, or in the alternative a motion to dismiss. The Court will treat their motion as a motion to dismiss. "[C]omplaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning." *Barr v. Adams,* 810 F.2d 358, 363 (2d Cir.1987). Plaintiff has not alleged specifically how the conduct of these four defendants infringed upon his constitutional rights. In his amended complaint, he contends that defendants violated the Constitution by "continuously breaching [[[their] duty" to him. This language underscores the defect with the complaint: if it alleges anything at all, it alleges that defendants were negligent in handling plaintiff's interstate compact and parole. To state a cognizable § 1983 claim, the prisoner must allege actions or omissions sufficient to demonstrate deliberate indifference; mere negligence will not suffice. *Hayes v. New York City Dept. of Corrections,* 84 F.3d 614, 620 (2d Cir.1996); *Morales v. New York State Dep't of Corrections,* 842 F.2d 27, 30 (2d Cir.1988) (section 1983 does not encompass a cause of action sounding in negligence).

The Court finds that the claims against Bishop, Magee, Barton and McMahan should be dismissed.

**C. Motion to Dismiss by Herman, Stewart and Stanford.**

Plaintiff's claim against Stewart is that she failed to follow up and see whether plaintiff had arrived in South Carolina. Herman, he likewise asserts, failed to do his job because he did not investigate plaintiff's violation reports. Plaintiff has not alleged how these actions run afoul of the Constitution; and again, these claims seem to be grounded in negligence, which is not actionable under § 1983. *Hayes,* 84 F.3d at 620.

Plaintiff's claim against Stanford must fail because his complaint literally fails to state a claim against that

defendant. Aside from naming Stanford as a defendant, and alleging that he was the appointed Senior Parole Officer at plaintiff's September 30, 1993 revocation hearing at Riker's Island, plaintiff does not detail how Stanford violated his constitutional rights. Absent some personal involvement by Stanford in the allegedly constitutionally infirm conduct of his subordinates, he cannot be held liable under § 1983. *Gill,* 824 F.2d at 196.

**\*7** Accordingly, the Court finds that Stanford, Stewart and Herman's motion to dismiss should be granted.

**D. Plaintiff's "John Doe" Claims.**

In so far as neither John Doe # 1 nor John Doe # 2 have been identified and served in this matter, the Court does not have jurisdiction over these parties and does not reach the merits of plaintiff's claims against them.

**E. Discovery Motions.**

Defendants Bishop, Magee and McMahan have filed a motion to stay discovery until the Court has made a ruling on their motion to dismiss. Plaintiff has filed a motion to extend the time in which he may file opposition to defendants' motion. Plaintiff, however, has filed his opposing response (dkt.47), therefore his instant discovery motion is denied as moot. In that the Court recommends granting defendants' motion to dismiss, discovery in this matter would be fruitless. Accordingly, defendants' motion for a stay of discovery pending the resolution of their motion to dismiss is granted.

### CONCLUSION

WHEREFORE, based upon the foregoing analysis, it is hereby

ORDERED, that plaintiff's motion to extend the time to file an opposing reply (dkt.44) is denied as moot; and it is further

ORDERED, that defendants Bishop, Magee and McMahan's motion to stay discovery until their motion to dismiss is decided (dkt.41) is granted; and it is further

RECOMMENDED, that defendants Peters and Williams' motion to dismiss (dkt.13) be granted; and it is further

**Brown v. Peters, Not Reported in F.Supp. (1997)**

Case 8:25-cv-00104-AJB-ML    Document 6    Filed 04/28/25    Page 46 of 46

RECOMMENDED, that defendants Bishop, Magee, Barton and McMahan's motion to dismiss (dkt.20) be granted; and it is further

RECOMMENDED, that defendants Herman, Stewart and Stanford's motion to dismiss (dkt.34) be granted.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. *FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.* *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993) (citing *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir.1989)); 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 6(a), 6(e) and 72.

**All Citations**

Not Reported in F.Supp., 1997 WL 599355

---

### Footnotes

1    I note, however, that the report-recommendation would survive even *de novo* review.

---

End of Document    © 2025 Thomson Reuters. No claim to original U.S. Government Works.